LOUISIANA MOLASSES COMPANY, LTD., v. FORT SMITH WHOLESALE GROCERY COMPANY.

Opinion delivered January 14, 1905.

1. SALE OF CHATTEL—DECEIT—INSTRUCTIONS.—In an action for deceit based upon alleged false and fraudulent representations, it was error to instruct the jury upon the theory that the suit was upon representations amounting to a warranty. (Page 546.)

2. WRITTEN CONTRACT—PAROL EVIDENCE.—In an action for deceit consisting of alleged false representations in the making of a written contract, oral evidence is admissible to prove that such representations were made. (Page 547.)

Appeal from Sebastian Circuit Court, Fort Smith District.

STYLES T. ROWE, Judge.

Reversed.

This is a suit by the Fort Smith Wholesale Grocery Company against the Louisiana Molasses Company, Limited, for the sum of $248.38, which plaintiff alleged defendant obtained from it by reason of the deceit of its agent in making certain false and fraudulent representations in regard to the character of certain molasses, to the effect that such molasses would not ferment and sour, which representation induced plaintiff to buy the molasses. It is alleged that the representation was false, and was made with knowledge of its falsity, and that plaintiff was ignorant of its falsity, and believed at the time it was true, with other allegations constituting a good complaint for deceit.

Defendant answered denying that its agent made the representation alleged, and that plaintiff was induced to purchase the molasses by reason of such representation. It denied that defendant obtained the sum sued for by reason of any false or fraudulent statement as to the character of the molasses sold,

or through the deceit of its agent.  The answer denied that any such representation was made, but alleged that if it was made by its agent it was unauthorized, unwarranted, unusual and without the custom of trade in such goods.  The answer set up that the contract referred to in the complaint was in writing, and contained no warranties.  The answer set up also that, if the representation was made, it was a false representation of a future condition of affairs, and therefore would not constitute a cause of action against appellant.  It set up also that the goods were sold upon a contract providing that claims must be made within three days after the receipt of goods, and that the goods were shipped in good order and received in good order, and no claim was made within the three days.  The answer further set up that plaintiff accepted the goods after an opportunity to investigate same, and, after an inspection and acceptance of the goods, paid defendant for same, and hence is estopped from asserting that the goods were not as represented.

There is no dispute as to the original contract between the parties, which consisted of two orders, as follows:

"La. Mols. Co. Ltd.                              "10-7, 1899.
"Send to Fort Smith Gro. Co., Fort Smith, Ark.
"(How ship) So. Pac. K. P. at St. Charles.

"Terms:  60 days less 1½ 10 ds.

| | |
|---|---|
| 2 bbls 102 Syrup | 41 |
| 9 bbls Fancy O. K. | 34 |
| 5½ bbls Fancy O. K. | 36 |
| 16 bbls Cane Juice | 32 |
| 5½ bbls Cane Juice | 34 |
| 1 bbl Belle Rose | 28 |
| 7 bbls Dewey O C R | 23 |
| 5½ bbls Dewey O C R | 25 |
| 1 bbl Honey Dew | 23 |
| ½ bbl Pecan | 23 |
| 1 bbl Co. | 23 |
| 2 bbls Star | 17 |
| 2½ bbls Star | 19 |

F. O. B. Fort Smith,

J. C. ADAMS.

"FORT SMITH WHO. GRO. CO. R. S. R.

"10-14, 1899.

"Louisiana Mols. Co. Ltd.

"Send to Fort Smith Who. Gro. Co., Fort Smith, Ark.

"(How Ship)  So. Pac. via P. & G. L. Charles.

"Terms: 60 ds. less 1½ per cent. 10 ds.

| | |
|---|---:|
| 8 bbls 101 Syrup | 36 |
| 8 bbls Fancy O, K | 34 |
| 5½ bbls Fancy O. K | 36 |
| 9 bbls Cane Juice | 32 |
| 5½ bbls Cane Juice | 34 |
| 2 bbls Dewey R B | 23 |
| 1½ bbls Dewey R B | 25 |
| 3 bbls pure M R B | 20 |
| 1 bbl Cleveland R B | 21 |

F. O. B. Fort Smith.

J. C. ADAMS.

"FORT SMITH WHO. GRO. CO. R."

Parol evidence as to the alleged false representations of defendant's agent was offered over defendant's objection.

Among other instructions, the court charged the jury as follows:

"4. Gentlemen of the jury, the court instructs you that if you find from the evidence that some time in October, 1899, the Louisiana Molasses Company, Limited, the defendant in this case, sold to the Fort Smith Wholesale Grocery Company a certain lot of molasses, and at the time of said sale J. C. Adams, acting as the agent of said defendant, represented that said molasses so sold would not ferment and sour, but that it would keep, and further that he would go into territory in which said plaintiff was doing business and sell said molasses, and that said plaintiff was induced by said representations of said defendant's agent to purchase said molasses, and did purchase same; and if you find that, in pursuance of said agreement and representations, an order was given by said plaintiff for the shipment of said molasses, and that it was shipped and delivered to said plaintiff by said defendant, and that said Adams did go into the territory in which plaintiff was doing business and sell said molasses, and plaintiff did, on his orders, ship said molasses to its customers, and that said molasses did ferment and sour,

and did not keep as represented by said Adams, and that plaintiff took said molasses back from them, and credited its said customers with the price paid defendant for same, and notified defendant that it had done so, and that said molasses had fermented and soured, then the court instructs you that plaintiff would be entitled to recover, from defendant in this action, and the measure of its damage would be as hereinafter directed.

"5. The jury is instructed that the plaintiff in this action contends that its written order for the molasses mentioned in the evidence in this case was only a memorandum or statement of the molasses ordered, and did not contain all the terms of the contract, but that, as an inducement to said contract and as a part of it, defendant's agent, who was selling the molasses, guarantied that said molasses would not ferment or sour, and that, if it would buy the molasses, he would go into the territory where it was selling goods and sell the molasses to its trade and send the orders to it; now if you find from a fair preponderance of the evidence that the plaintiff's contention as just stated above is true, and that it did buy molasses, and the molasses did sour and ferment, whether in its own store or in the hands of its customers to whom it had been sold and delivered, then your verdict should be for the plaintiff."

The cause was submitted to the jury, which returned a verdict for the plaintiff for the amount sued for. Defendant has appealed.

*Hill & Brizzolara,* for appellant.

This action is in tort. 38 Ark. 338. A purchaser takes the risk of the quality of an article sold, unless there be fraud or warranty. 45 Ark. 288. The warranty was not provable by parol. 38 Ark. 338; 2 Benj. Sales (Corbin), § 942; 141 U. S. 510. The face of the written contract itself is the test of its completeness. 14 Am. & Eng. Enc. Law (2d Ed.), 1090; 44 N. J. L. 343. It was not competent for the defendant to prove an express warranty by parol. 9 Vt. 116. The warranty of quality is a part of the contract of sale, and cannot be proved as a collateral undertaking when there is written evidence of the sale. 97 Mass.

S C—18

155; 13 Allen, 353; 12 Metc. 353; 58 Ia. 579; 79 Fed. 43, 611. An estoppel must, in general, have reference to facts, past or existing. 64 Ark. 106; 14 Am. & Eng. Enc. Law (2d Ed.), 33; 105 U. S. 553. There was no evidence of the essentials to the action for false representations. 38 Ark. 339; 60 Ark. 389; 14 Am. & Eng. Enc. Law, 86; 48 Ark. 147.

*Winchester & Martin,* for appellee.

Appellee had the right to affirm the contract and sue for breach of warranty. 30 Ark. 540; 38 Ark. 340; 22 Ark. 459; 3 Parsons, Contr. 784-5; 1 Story, Contr. § 506. The statements made by Adams were material to and induced the making of the contract. 47 Ark. 164; 11 Ark. 58; 33 Cal. 609; 42 Conn. 9; 14 Am. & Eng. Enc. Law, 101; 125 Pa. St. 52; 15 Ark. 114. Adams' knowledge of their falsity was immaterial. 2 East, 446; 60 Ark. 387; 2 Disney (Ohio), 482. There was no mere puffing of goods; it was a false representation. 105 U. S. 553. The instructions were proper. 48 Ark. 145; 38 Ark. 345; 30 Ark. 540.

WOOD, J. The pleadings show, and appellee properly concedes, that this is an action for deceit based upon certain alleged false and fraudulent representations concerning the quality of molasses. The action not being based upon a contract of warranty, verbal or written, it is obvious at a glance that instructions numbered, respectively, four and five were erroneous. These instructions are based upon the idea that the suit was upon oral representations that amounted to a verbal contract of warranty, and they authorized recovery if appellant's agent made certain representations in regard to the molasses which proved to be false, regardless of whether such representations or verbal warranty was made or given to deceive and defraud the party to whom it was made or given. Such instructions might be proper in a suit upon a contract of warranty, verbal or written. But they have no place in a case where the action is purely one for deceit and fraud, as in the case at bar. In an action on a warranty, of course, a breach of the warranty entitles the party in whose favor it is given to recover, regardless of whether the representations constituting it were fraudulent

and made with the intent to deceive or not. *Hanger* v. *Evins,* 38 Ark. 339, 340. But not so in an action purely for deceit and fraud. In such cases the essentials are that the representations shall not only be false, but fraudulent. They must be made by one who either knows them to be false, or else, not knowing, asserts them to be true, and made with the intent to have the other party act upon them to his injury, and such must be their effect. *Yeates* v. *Pryor,* 11 Ark. 58; *Hanger* v. *Evins,* 38 Ark. *supra; Johnson* v. *St. Louis Butchers' Supply Co.,* 60 Ark. 387.

The instructions were misleading. They confused the issue. The proof necessary to recovery in an action for deceit is essentially different from that necessary to maintain an action on contract of warranty. The jury had no correct guide for applying and weighing the evidence, and the evidence was admitted without a clear apprehension of the issue.

It was a close question of fact, on the evidence, as to whether or not there were false representations, in the first place, and, if there were false representations, it was a still closer question as to whether they were made with the intent to defraud. There was some evidence, however, and we would not disturb the verdict of the jury upon the facts of the case, had the law been declared. But we are convinced that the failure to define the issue, and to conform and confine the instructions to it in a case of nice balance of the facts was exceedingly harmful error.

The written order was properly admitted in evidence, and the oral testimony in regard to the alleged false representations set up in the complaint was not in conflict with it.

Other questions are discussed, and objections made to other instructions, but we have sufficiently indicated the theory upon which the case should be tried on the issue presented, and doubtless the trial judge will conform the proceedings on a new trial accordingly. For the error indicated reverse the judgment, and remand the cause for new trial.

HILL, C. J., did not participate.