SEALY MATTRESS COMPANY v. SOUTHERN COTTON OIL
COMPANY.

Opinion delivered February 16, 1925.

1. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—Where there was evidence legally sufficient to support a finding by the jury either way on the issues presented, the verdict will be treated as conclusive on the sufficiency of the evidence.

2. TRIAL—INSTRUCTION AS TO CLEAR PREPONDERANCE OF EVIDENCE.— While it is error to instruct the jury that a party having the burden of proof must establish same by a "clear" preponderance of the evidence, objection to the use of the word "clear" must be made specifically.

3. SALES—MEETING OF MINDS—INSTRUCTION.—Where the parties to a contract of sale each testified to a different understanding as to the price to be paid, an instruction that no damages could be recovered by the buyer if the minds of the parties did not meet was not abstract.

Appeal from Pulaski Circuit Court, Third Division; *Marvin Harris,* Judge; affirmed.

*Owens & Ehrman,* for appellant.

The burden of proof is met by a preponderance of the evidence or a fair preponderance "thereof" and it was reversible error to charge the jury that appellant must prove its case by a clear preponderance of the evidence. 37 Ark. 580; 32 Ark. 523; 115 Ark. 406; 100 Pa. 580. It was only necessary for appellant to prove by a preponderance of the evidence that a contract was entered into, that a part of the goods were accepted and received, and that appellee had breached the contract. C. & M. Dig. § 4864. The requirement for clear and positive proof applies only to causes in equity where relief is sought contrary to the provisions of the 4th section of the statute of Frauds and § 4862 of C. & M. Digest. 163 Ark. 49, 61; 136 Ark. 96.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

We do not contend that any such strong degree of proof is necessary to establish a parol contract under the 17th section of the Statute of Frauds as is required

under the 4th section.  Before exceptions to the writing required by the fourth section can be established they must be proved by a weight of evidence "leaving no room for reasonable doubt;" particularly where the aid of equity is sought to enforce a parol contract.  209 Mo. 552; 108 S. W. 89; 1 Ark. 391; 4 Wall. 513.  Conjecture and speculation cannot supply the place of proof.  113 Ark. 353; 117 Ark. 638.  There is no merit in the contention that appellant did not have a fair trial because the court used the term "clear" in speaking of the preponderance of the evidence.  Century Dict., "clear," 62 Cal. 377, 384; 11 Colo. App. 515; 53 Pac. 620, 621; 57 N. W. 836, 838; 77 Ark. 128, 135.  See also 125 Ark. 576; 126 Ark. 50; 99 Ark. 133; *Id* 356; 90 Ark. 43; 120 Ark. 118; 121 Ark. 529.

McCULLOCH, C. J.  This litigation arose over an alleged contract between appellant and appellee for the purchase and sale of a product called cotton linters, which is the lint taken from cotton seed.  Appellee sued appellant to recover the sum of $565.20 on account for the price of twenty-one bales of linters, and appellant brought another action against appellee to recover damages for alleged violation of a contract for the sale of 600 bales of linters.  The complaint in each case was answered, and the two suits were consolidated and tried together, resulting in a verdict in favor of appellee for the sum of $420.

Appellee is operating a cotton-oil mill near the city of Little Rock, and the first process of manufacturing cotton-seed oil and the by-products is to remove the remainder of the lint left on the seed after ginning.  The product thus removed is called linters, and, by the process used by appellee, there are two grades of linters, called the first cut and second cut, the latter being shorter and of less value.

Appellant is engaged in the manufacture of cotton mattresses, and uses cotton linters in large quantities for that purpose.  The plants lie close together, and the alleged contract was made by the respective managers,

Mr. Hunt for appellee and Mr. Ortmeyer for appellant. Negotiations began for the purchase by appellant from appellee of 600 bales of linters, and twenty-one bales were delivered by appellee to appellant. There is a sharp and irreconcilable conflict in the testimony as to the details and price, but it is conceded that the tentative agreement made between the two managers was to be reduced to writing after the approval of the general manager at appellee's principal office in Memphis, Tennessee, was received.

The testimony adduced by appellee was to the effect that the price of linters was to be six cents a pound. Appellee's manager so testified, and he was corroborated by other witnesses. On the other hand, appellant's manager testified that, according to the terms of the contract, he was to have 200 bales of first cut at four cents a pound, and 400 bales of second cut at two cents a pound. Appellee's witnesses testified that the twenty-one bales of linters were delivered to appellant merely as a loan, to be returned or paid for, whereas appellant's witnesses testified that the twenty-one bales of linters were delivered on the contract. These bales were delivered before the confirmation of the Memphis manager was received and the contract reduced to writing. At this point of the proceedings appellee's manager caused the contract to be reduced to writing, showing the sale of 600 bales of linters at six cents a pound, and appellant's manager refused to sign the contract on the ground that it was not in accordance with the oral agreement. The contention of appellant is that there was an oral agreement and part performance by the delivery of twenty-one bales of linters. Appellee contends that there was no contract, for the reason that appellant refused to sign the contract as tentatively agreed upon, and that the delivery of the twenty-one bales was merely a loan.

There was evidence legally sufficient to support a finding by the jury either way on the issues presented,

and we must treat the verdict as conclusive, unless error be found in the instructions. There is no contention of error in any respect save in giving and refusing instructions.

Error is assigned in giving the fourth instruction, which told the jury that the burden of proof was on appellant to establish its case "clearly by a preponderance of the evidence," and in modifying appellant's second instruction by adding the words, "unless the mattress company has failed to show, by a clear preponderance of the evidence, that the twenty-one bales of linters were delivered by the oil company in pursuance of the alleged contract for 600 bales." The use of the words "clearly" and "clear" in the instruction and in the modification mentioned above, instead of merely using the term, "preponderance of the evidence," is the point of attack upon the court's instructions.

Instruction No. 2 as requested by appellant reads as follows:

"If you find from a fair preponderance of the testimony that the defendant entered into a contract with said plaintiff whereby it purchased from said plaintiff six hundred bales of linters, two hundred bales to be of first cut, at 4 cents per pound, and four hundred bales of second cut at 2 cents per pound, and that said plaintiff declined and refused to fulfill its contract by delivering said linters to said defendant, then your verdict will be for the defendant on the cross-complaint."

There was no specific objection made to either of the rulings of the court in giving instruction No. 4 and in modifying instruction No. 2, and the objection in each instance was general. It must be conceded that the use of the word "clearly" or "clear," in connection with an instruction concerning the preponderance of the evidence, is improper, for, in a trial of the issues, the burden of proof is discharged by producing a mere preponderance of the evidence. *Shinn* v. *Tucker*, 37 Ark. 580. But a general objection is not sufficient to bring the erroneous use of these words to the attention of the trial court.

This should be done by a specific objection. In the case of *St. Louis, I. M. & S. Ry. Co. v. Sparks,* 81 Ark. 187, the court had under consideration an assignment of error relating to the giving of an instruction by the trial court which declared the duty of the defendant to establish its defense of contributory negligence "by a preponderance of the testimony to the satisfaction of the jury." This court condemned the use of the word "satisfaction" as inaccurate, but held that a general objection was not sufficient to raise the question for review on appeal. In *Hays v. Williams,* 115 Ark. 406, an instruction was given which used the word "fair" in connection with a declaration as to the duty of the party to make out his case by a preponderance of the evidence, and the use of the word was condemned by this court, but we held that it was necessary to raise the question by a specific objection. The same principle has been announced in other decisions of this court. *Morris v. Collins,* 127 Ark. 68; *Bocquin v. Theurer,* 133 Ark. 448.

Error is also assigned in giving instruction No. 6, which reads as follows:

"If you find from the evidence that Mr. Hunt, acting as a reasonably prudent man, understood that the price for the 600 bales of linters was to be 6 cents, but Mr. Ortmeyer, acting as a reasonably prudent man, understood it was to be 4 cents for first cut and 2 cents for second cut, the minds of the parties did not meet, and you will allow the mattress company nothing in its suit, but will render your verdict in favor of the oil company for the amount you think it is entitled to recover for the 21 bales of linters it delivered to the mattress company."

The contention is that this instruction was abstract for the reason that there was no testimony tending to show a mistake as to the price of the linters. One of the principal witnesses testified to a given price and another testified as to a different price. It is true that each of the witnesses testified definitely as to the agreed price, and the testimony of neither of the witnesses, taken

alone, would justify a finding that there was a mistake, but the jury was not bound to accept the unqualified statement of either of the witnesses, and might have found that there was an honest mistake between them as to the price of the linters, and that their minds failed to meet on an agreed price.   Each of the managers of the respective concerns testified directly and positively, and the jury might have found that each one stated the facts as he remembered them, but that there was a misunderstanding between the parties, and, as before stated, their minds failed to meet upon the price to be paid, hence there was no binding contract.   We cannot say therefore that the instruction was abstract.

These are the only errors that are assigned, and as we conclude that these assignments are unfounded and that the evidence is sufficient to support the verdict, nothing remains but to affirm the judgment, and it is so ordered.