PETER LIVANOVITCH *v.* SOPHIA LIVANOVITCH.

November Term, 1925.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed January 11, 1926.

*Evidence—Burden of Proof—Rule in Civil Cases—Application of Presumption of Innocence in Civil Cases.*

1.  In action of tort for conversion of certain bonds, which plaintiff claimed to have delivered to defendant for safe keeping only, who refused to return them on demand, instruction that if jury was more inclined to believe from evidence that he did so deliver bonds to defendant, even though such belief was only slightest degree greater than that he did not, their judgment should be for plaintiff, *held* not erroneous, being merely another way of saying that the slightest preponderance of the evidenced in his favor entitled plaintiff to a verdict.

2.  In civil cases, all that is required of one having burden of proof is that he establish his claim by a preponderance of evidence, no degrees of preponderance being required or recognized by law.

3.  Rule that presumption of innocence is evidence to be weighed in defendant's favor applies in tort actions only when they involve a charge of fraud, dishonesty, or crime, which ordinary action of trover does not.

ACTION OF TORT for conversion of certain bonds. Plea, not guilty. Trial by jury at the December Term, 1924, Windsor County, *Chase,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case. *Affirmed.*

*Ernest E. Moore* and *Homer L. Skeels* for the defendant.

*Raymond Trainor* and *Paul Gilioli* for the plaintiff.

POWERS, J.   The plaintiff claimed and his evidence tended to show that, for safe keeping only, he delivered to the defendant

two $100 Liberty Bonds, and that, when he demanded their return, the defendant refused to give them up. Thereupon he brought this tort action for their conversion. The defendant denied the receipt of the bonds, and this denial raised the only controverted question in the case. A verdict was rendered for the plaintiff, and the defendant alleges error.

[1, 2] 1. The court charged the jury that the burden of proof was on the plaintiff, and that in order for him to recover, he must prove by a preponderance of the evidence that he gave to the defendant the bonds to keep for him. The charge then continued: "If * * * you are more inclined to believe from the evidence that he did so deliver the bonds to the defendant, even though your belief is only *the slightest degree* greater than that he did not, your verdict should be for the plaintiff." To the use of the words here italicised, the defendant excepted. The instruction was not erroneous. It was but another way of saying that the slightest preponderance of the evidence in his favor entitled the plaintiff to a verdict. We have but two standards by which to test the sufficiency of evidence; the one applying to civil cases, the other to criminal cases. Between these, there is no intermediate rule. *Foundry Mfg. Co.* v. *Farr*, 98 Vt. 109, 126 Atl. 548. All that is required in a civil case of one who has the burden of proof is that he establish his claim by a preponderance of the evidence. There are no degrees of preponderance required or recognized by the law. When the equilibrium of proof is destroyed, and the beam inclines toward him who has the burden, however slightly, he has satisfied the requirement of the law, and is entitled to the verdict. "A bare preponderance is sufficient, though the scales drop but a feather's weight." This rule accords with the practice in this State as remembered by the Justices of this Court, and is well supported by the authorities. *Leggett* v. *Illinois Central R. R. Co.*, 72 Ill. App. 577; *Bauer Grocery Co.* v. *Sanders*, 74 Mo. App. 657; *Fannon* v. *Morton*, 228 Ill. App. 415; *Chicago City R. Co.* v. *Fennimore*, 199 Ill. 9, 64 N. E. 985; *Sealy Mattress Co.* v. *Southern Cotton Oil Co.*, 167 Ark. 405, 268 S. W. 611; *Hammond, etc., Ry. Co.* v. *Antonia*, 41 Ind. App. 335, 83 N. E. 766; *Vivian Colleries Co.* v. *Cahall*, 184 Ind. 473, 110 N. E. 672; *Thurman* v. *Wells* (Mo. App.), 251 S. W. 75; *Ryan* v. *Schardt*, 32 Ohio Cir. Ct. R. 445.

[3] 2. The defendant also excepted to the refusal of the court to instruct the jury that a presumption of innocence was to

be weighed as evidence in the defendant's favor. This exception, too, is without merit. The rule referred to by the defendant applies in tort actions only when they involve a charge of fraud, dishonesty, or crime. *Adams* v. *Cook,* 91 Vt. 281, 100 Atl. 42. The ordinary action of trover does not.

*Judgment affirmed.*