**Lyndonville Savings Bank and Trust Co. v. Peerless Insurance Company**

[ 234 A.2d 340 ]

June Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 3, 1967

*Kyle T. Brown* and *Arthur L. Graves* for plaintiffs.

*McKee & Clewley* for defendant.

**Smith, J.** This action was brought by the plaintiff bank against the defendant insurance company upon a standard form of "Banker's Blanket Bond" issued by the defendant to the plaintiff. The clause of the bond upon which recovery is sought is loss of property suffered by the bank by means of "robbery, burglary, common-law or statutory larceny, theft, false pretenses, holdup" and the like.

The bank complains that while the policy was in full force and effect that one John T. Dowd by means of "larceny and false pretenses" obtained the sum of $4,000.00 from the bank. The undisputed evidence is that the $4,000.00 was given by the bank to Dowd's agent in return for a check for that amount, dated Nov. 8, 1963, drawn on the Society National Bank of Cleveland, Ohio, and signed by Dowd. Payment of the said check was refused by the Society National Bank by reason of a stop-payment order issued by Dowd. Dowd filed a petition in bankruptcy in the United States District Court for the Northern District of New York on Nov. 25, 1963, and it is undisputed that, except for a 30 per cent payment on the face amount of that check from the bankruptcy court, the plaintiff has never received the face amount of the check.

At the close of the evidence in the cause below, the motion of the plaintiff for a verdict directed in its favor was granted by the lower court. The appeal here was taken by the defendant insurance company from this verdict and the resulting judgment. The only question presented here is whether the lower court should have granted the plaintiff's motion for a directed verdict.

As conceded by the brief of the plaintiff, the only issue presented by the pleadings is whether the plaintiff's loss due to the cashing of a bad check was induced by false pretenses. Extensive evidence was presented by the plaintiff on the financial transactions of John T. Dowd, apparently engaged in the business of coin and currency brokerage, and on the fluctuations of Dowd's bank account at the Society National Bank, particularly as to its condition on the date when Dowd drew the check here in question.

Recovery by the bank is sought from the insurance company on that clause in the policy which provides for reimbursement for loss suffered by reason of "false pretenses." Although the action here is a civil one, it charges John T. Dowd with the performance of a criminal act.

Under 13 V.S.A. §2002: "A person who designedly by false pretenses or false token and with intent to defraud, obtains from another person money or other property, or a release or discharge of a debt or obligation, or the signature of a person to a written instrument, the false making where would be punishable as a forgery . . . ." is guilty of a felony. The burden was on the plaintiff bank to prove Dowd's commission of the criminal act. The measure of proof required in this jurisdiction to establish a criminal charge in a civil proceeding is by a preponderance of the testimony, with the presumption of innocence favoring the party accused. *Livanovitch* v. *Livanovitch,* 99 Vt. 327, 329, 131 Atl. 799; *Lindley* v. *Lindley,* 68 Vt. 421, 35 Atl. 349. "The presumption of innocence in criminal causes shall attend the accused until the jury renders a verdict of guilty, and the court shall charge the jury accordingly . . ." 13 V.S.A. §6502.

The statute makes clear that an intent to defraud is one of the essential elements which it was necessary for the plaintiff to establish by a preponderance of the evidence to establish that John T. Dowd was guilty of false pretenses in the civil case before us.

The crux of the charge of false pretenses against Dowd in this instance is whether or not, on Nov. 8, 1963, when Dowd's check was cashed at the plaintiff bank, Dowd had the fraudulent intent to pass a check for which he had insufficient funds on deposit to meet the check.

While all evidence in the trial below was adduced by the plaintiff's witnesses, when considered in the light most favorable to

the defendant, which we must do here, it is not so conclusive of a fradulent intent on the part of Dowd as to eliminate any factual question on this issue.

The evidence is that the volume of money handled in Dowd's brokerage transactions was large by most standards. During the period between October 11, 1963 to November 8, 1963, for example, checks in the amount of $1,723,475.38 were drawn on the Society Bank of Cleveland and deposits in the same account over the same period totalled $1,728, 369.57. The evidence also clearly indicates that Dowd had a line of credit with the Society Bank to cover overdrafts, which credit was not withdrawn until some time in early November, 1963. Plaintiff's expert testified that it was doubtful that Dowd knew his actual Society Bank balance at any one occasion. As an example, on Nov. 8, 1963, the date on which the check was passed on the plaintiff bank, Dowd's Society Bank balance fluctuated from an overdraw of $70,711.59 to a credit balance of $65,575.35. On Nov. 14th, the date of the refusal of the Society Bank to honor the check here in question, at various times during that day there were credit balances in Dowd's account in the Society Bank ranging from $31,940.17 to $85,522.02, although the end of the day found the account overdrawn.

The fact that payment of the check given by Dowd's agent to the plaintiff bank was refused by a stop-payment order does not alter the offense of delivering a check with intent to defraud, but it still leaves the question of whether Dowd was guilty of false pretenses on the sufficiency of funds or credit which he had at the time the check was uttered in the Society Bank. 35 C.J.S. False Pretenses, §21, page 839.

Fraud is never presumed and must be established by clear and satisfactory evidence, as to which the plaintiff had the burden of proof. *Leno* v. *Meunier,* 125 Vt. 30, 35, 209 A.2d 485.

Where, as here, the evidence affords room for opposing inferences on the part of reasonable men, it is error to direct a verdict. This is so, even though the facts are undisputed where fair-minded and unprejudiced men may reasonably differ in the conclusion to be drawn. In that situation, the question is one of fact for the jury. This is particularly true in cases where fraud is alleged. *Spaulding* v. *Mu-*

*tual Life Insurance Co. of New York,* 94 Vt. 42, 57, 109 Atl. 22; *New England Acceptance Corp.* v. *Nichols,* 110 Vt. 478, 486, 8 A.2d 665; *Pacific Lumber Agency* v. *National Aircraft Materials Corp.,* 108 Vt. 10, 15, 182 Atl. 192.

As in a criminal cause, the question whether there was any evidence reasonably tending to support the charge as made by the bank here that Dowd had caused them a loss of property by false pretenses so that the insurance company would become liable under the policy, was one for the court. But, also, as in a criminal cause, whether such evidence, once found to be present, was a question for the jury. *State* v. *Schwarzchild,* 112 Vt. 167, 169, 22 A.2d 177. The difference being that in a criminal cause, the jury would have had to find the evidence sufficient to prove the offense charged beyond a reasonable doubt, while in a civil cause, it need only find that the offense had been proved by the plaintiff by a preponderance of the evidence.

Cases in which the trial court should direct a verdict in favor of a party having the burden of proof are exceptional. Such an exception did not exist here where the weight and sufficiency of the evidence to establish the intent to defraud on the part of Dowd was a question of fact to be determined by the jury, and not a question of law for the determination of the court.

*Reversed and remanded.*