01-15-00287-CV

NO. _____

FILED IN
1st COURT OF APPEALS
HOUSTON, TX
March 27, 2015
CHRISTOPHER A. PRINE,
CLERK

FIRST IN THE
_____ COURT OF APPEALS
HOUSTON, TEXAS


In Re Jessica Bachelor


Original Proceeding From the 246th
Judicial District Court of Harris County, Texas
Cause No. 201457427


PETITION FOR WRIT OF MANDAMUS


Stephen Lekas
Attorney at Law
6001 Clinton Dr., Houston, TX 77020
(713) 671-9494
(713) 671-9496
12188400
ATTORNEY FOR RELATOR


Temporary relief requested


1

# IDENTITY OF PARTIES AND COUNSEL

PARTY:

Jessica Bachelor
Relator
(Petitioner in trial court)


Erica Bachelor
Real Party in Interest

(Respondent in trial court)


HON. Charley Prine
Respondent
(Judge of Trial Court)

ATTORNEY:

Stephen Lekas
TX Bar# 12188400
Attorney at Law
6001 Clinton Dr.
Houston, TX 77020
Tel#:  (713) 671-9494
Fax#:  (713) 671-9496
slekas@aol.com

Matthew Skillern
Attorney at Law
701 N. Post Oak, Suite 207
Houston, TX 77024
Tel#:  (713) 229-8555
Tel#:  (713) 481-8800
TB# 24041926
matthew@skillernfirm.com

309th Judicial District Court
1115 Congress
Houston, TX 77002
Tel: (713) 274-4500

# TABLE OF CONTENTS

Page

IDENTIFY OF PARTIES AND COUNSEL ........................................ 2

INDEX OF AUTHORITIES ........................................ 4

STATEMENT OF THE CASE ........................................ 5

STATEMENT OF THE JURISDICTION ........................................ 5

ISSUE PRESENTED ........................................ 5,6

STATEMENT OF FACTS ........................................ 7

ARGUMENT AND AUTHORITIES ........................................ 8-12

PRAYER –RELIEF REQUESTED ........................................ 12

CERTIFICATION OF FACTS AND VERIFICATION ........................................ 13,14

CERTIFICATE OF SERVICE ........................................ 16

CERTIFICATE OF CONFERENCE ........................................ 15

CERTIFICATE OF COMPLIANCE ........................................ 15

APPENDIX ........................................ 18

# INDEX OF AUTHORITIES

Cases             Page

In Re Calderon,
96 S.W. 3rd 711 (Tex. App. – Tyler 2003) ............................ 8

Dallas Fire Insurance Company v. Davis,
893 S.W. 2nd 288 (Tex. App. – Forth Worth 1995) ................... 10

In Re Elizabeth Ann Lambdin,
(No. 07-03-0328-CV-8-20-03)(Tex. App. – Amarillo 2003) ......... 10, 11

In Re Green,
385 S.W. 3rd 665 (Tex. App. – San Antonio 2012) ................... 8

Grozier v. L-B Sprinkler & Plumbing Repair,
744 S.W. 2nd 306 (Tex. App. – Forth Worth 1988, writ denied) .... 11

Hoffman v. Hoffman,
821 S.W. 2d 3 (Tex. App. – Forth Worth 1992, no writ) ............ 9

MO. P. R. R. Co.,
998 S.W. 2d 212 (Tex.1999) ........................................... 8

In Re Nicolette Milton,
420 S.W. 3rd, 245 (Tex. App. – Houston (1st Dist) 2013) .......... 8, 9

In Re Prudential Ins. Co. of Am.
145 S.W. 3d 124, 135-136 (Tex 2004) ............................... 8

In Re Rome,
182 S.W. 3rd 424 (Tex. App. – Eastland 2005) ...................... 8

## STATUTES

Tex. Fam. Code
§ 103.001 .............................................................. 6, 12


Tex. Gov. Code
§ 22.221 (b) .......................................................... 5

## STATEMENT OF THE CASE

Relator Jessica Bachelor submits this petition for writ of mandamus complaining of the order of Honorable Charley Pine presiding Judge of the 246th Judicial District Court of Harris County, Texas. For Clarity, relator is referred to as Jessica Bachelor; respondent the Honorable Charley Prine is referred to by name and the real party in interest is referred to as Eric Bachelor. This is a suit for divorce and child custody proceedings filed by relator in the 246th Judicial District Court of Harris County, Texas on 10-2-2014 App. 1., Cause No. 201457427. The orders complained of were orders of abatement granted on 1-27-2015 App. 12 and an order to transfer the case granted on 2-20-2015 by Judge Prine App. 16.

## STATEMEMENT OF JURISDICTION

This Court has jurisdiction to hear this original proceeding under Texas Government Code §22.221(b).

**Issues Presented**

1. The Harris County trial Court abused its discretion in ordering an abatement App. 12 in its earlier suit, subsequent to a prior abatement by the Smith County trial Court App. 5, where the later divorce action was filed App. 2.

2. The Harris County 246th Trial Court abused its discretion in ordering a Motion to Transfer App. 16 after granting an abatement.

5

3. The Harris County 246th Trial Court abused its discretion in ordering a Motion to transfer App. 16 after the relator and her child resided in Harris County over 90 days, in violation of Tex. Fam. Code § 103.001.

## STATEMEMENT OF FACTS

A suit for divorce and custody proceeding was filed by the relator Jessica Bachelor on 10-2-2014 App. 1 in Harris County, Texas where she and her child lived. Subsequently Eric Bachelor the real party in interest filed a divorce and custody proceeding in Smith County on 10-8-2014 App. 2. Thereafter Jessica Bachelor relator file a plea in abatement App. 3 in Smith County that was granted on 12-4-2014 App. 5.

On 12-12-2014 the real party in interest Eric Bachelor then filed a plea in abatement in Harris County, Texas along with a Motion to Transfer the case to Smith County on 1-23-2015 App. 6 & 7. Relator amended her pleadings to show residency in the County of 90 days App. 11. The plea of abatement was granted by Judge Prine on 1-27-2015 App. 12. The Motion to transfer filed by the real party in interest on 12-12-2014, was granted on 2-20-2015 by Judge Prine App. 16.

## ARGUMENT AND AUTHORITIES

To be entitled to mandamus relief the trial Court must clearly abuse its discretion and petition lacks an adequate appeal. In re Prudential Ins Co of Am 145 S.W. 3d 124, 135-136 (Tex. 2004).

The Texas Supreme Court has held that reversible error alone is insufficient to warrant mandamus relief and that generally venue decisions are incidential trial rulings correctable by appeal. In Re Rome 182 S.W. 3d 424, 426 (Tex.App. – Eastland 2005). The Texas Supreme Court has made an exception however for cases involving suits affecting parent-child relationship, reasoning that the need to expediously resolve custody and support issues makes ordinary appeal inadequate. Mo.P.R.R. Co. 998 S.W. 2d 212, 215 (Tex 1999) In Re Nicolette Milton, 420 S.W. 3d 245,252 (Tex.App. – Houston (1st Dist) 2013). In re Calderon 96 S.W. 3d 711, 715 (Tex.App. – Tyler 2003) ("Remedy by regular appeal though available is frequently inadequate to protect the rights of parents and children to trial in a particular venue.") The sensitive child custody and visitation issues involved in this case render ordering appellate review of the venue issue inadequate In Re Nicolette Milton at 253. In Re Green, 385 S.W. 3d 665, 671 (Tex. App. San Antonio 2012), the San Antonio Court of Appeals found the Petitioner failure to satisfy the residence requirement was appropriate for mandamus relief.

8

Id at 67

ISSUE 1.

The Harris County trial Court abused its discretion in ordering an abatement App. 12 in its earlier suit App. 1, subsequent to a prior abatement by the Smith County trial Court App. 15, where the later divorce action was filed App. 1.

In this case, the Relator filed a suit for divorce and child custody in Harris County, Texas on 10-2-2014 App. 1, prior to the real party in interest filing a divorce and child custody proceeding in Smith County on 10-8-2014 App. 2. The case in Smith County was abated on 12-4-2014 App. 5. Subsequently on 12-12-2014, upon Motion by the Real party in Interest App. 6, the Respondent Judge Prine abated the case in Harris County on 1-27-2015 App. 12. On 1-23-2015, prior to the hearing, the Relator had amended her pleading App. 11 showing the residing requirement had been met. In fact, by the time the abatement hearing was had, the residency requirement had been met, as over 90 days had passed. The Court even agreed. RRI: 5-6 (entry of order 1-27-2015); RR1: 5 (motion to reconsider 2-3-2015).

In Re Milton, 420 S.W. 3d 245,252 (Tex.App. – Houston (1st Dist) 2013) the Court states, typically when the residence requirements have not been met the trial court abates the suit so that either party can meet the residency requirements. See also Hoffman v. Hoffman, 821 S.W. 2d 3, 5-6 (Tex.App. – no writ) holding that

9

the trial court should abate until Petitioner meets residence requirements at which point Petitioner may file an amended Petitioner showing compliance with requirements Id. At 252.

The trial Court in a second abatement has no discretion to refuse to abate the second in favor of the first. Likewise the first Court has no discretion to abate it in favor of the second action. See Tex. R. Civ. P 39, 97 (a); Dallas Fire Insurance Company v. Davis, 893 S.W. 2d 288, 292 (Tex. App. – Forth Worth 1995). Thus Judge Prine of the 246th Court of Harris County, Texas abused his discretion by indefinitely abating App. 5, RR1:5 (entry of order 1-27-2015) a case first filed App. 1, where the impediment to abatement had been removed App. 11, thus abating a case filed first App. 1, in favor of a case in Smith County filed second App. 2, which was previously abated App. 5. Judge Prine of the 246th trial Court then granted a Motion to transfer App. 16 the case to Smith County, on 2-20-2015. The Motion to Transfer was also filed 12-12-2014 App. 7.

**Issue 2**

Judge Prine of the Harris County 246th Trial Court abused his discretion in ordering a Motion to Transfer App. 16 after granting an abatement App. 8.

Judge Prine granted the real parties in interest abatement on 1-27-2015 App. 8, RR1:8 (entry of order 1-27-2015). Then on 2-20-2015 granted the real party in interest Motion to transfer App. 16, RR1:7 (motion to reconsider 2-3-2015).

It is well settled that complaints about venue may be waive expressly or impliedly. In re Elizabeth Ann Lambdin (Tex. App. – Amarillo 2003) (NO. 07-03-0328 CV, August 2003). The latter occurs when the party takes some action inconsistent with its position on the venue issue. Grozier v. L-B Sprinkler & Pumbin Repair, 744 S.W. 2d 306, 310 (Tex.App. –Forth Worth 1988, writ denied). In Re Elizabeth Lambdin, Mother waived Motion to Transfer venue by participating in hearing to resolve Motion to enforce, before obtaining a ruling on the Motion to Transfer. In Re Elizabeth Ann Lambdin (Tex. App. – Amarillo 2003) (NO. 07-03-0328 CV, August 2003) See Id.

When a party does not first seek a ruling on a plea of privilege its benefits may be waived by submitting for the Courts determination matter on a plea in abatement... or invoking the judgment of the Court... and otherwise submitting to the jurisdiction of the Court. Id. Grozier v. L-B Sprinkler & Pumbin Repair, 744 S.W. 2d 306, 310.

Here the real party in interest filed a plea in abatement and Motion to Transfer at the same time on 12-12-2014 App. 6 &7, but proceeded to obtain a

ruling on the plea in abatement on 1-27-2015 App. 8, 24 days before the ruling on the Motion to Transfer App. 16, thus waiving the Motion to Transfer.

Issue No. 3

Judge Prine signed an order transferring the case to Smith County on 2-20-2015 App. 16, after the Relator and her child had resided in Harris County over 140 days App. 11 in direct violation of Tex. Fam. Code 103.001, which requires the case remain in the County of the residence of the child. §103.001 of the Texas Family Code states "the original suit shall be filed in the County where the child resides, unless:" None of the exceptions apply. The child and her mother lived in Texas for six months and Harris County over 90 days App. 11. The child's father resided in Smith County. Judge Prime's action in transferring the case was an abuse of discretion.

## PRAYER

Wherefore, Relator Jessica Bachelor requests that this Court issue a writ of mandamus directing Judge Prine of the 246th Judicial District Court of Harris County, Texas to vacate his order of abatement granted 1-27-2015 and order to transfer granted 2-20-2015, under cause no. 2014-57427. Relator requests general relief.

12

Respectfully,

STEPHEN LEKAS
6001 CLINTON DRIVE
HOUSTON, TX 77020
TEL# (713) 671-9494
FAX# (713) 671-9496
TBA# 12188400
slekas@aol.com
Attorney for Relator

## RULE 52.3(J) CERTIFICATION OF FACTS
## AND VERIFICATION OF RECORD

Before me, the undersigned authority, on this day personally appeared Stephen Lekas, one of the counsel for Relator JESSICA BACHELOR, and upon his oath, stated that (i) he is the attorney for Relator in this cause in the underlying suit, No. 2014-57427, in the 246th Judicial District of Harris County, Texas; (ii) he has reviewed Relator's Petition for Writ of Mandamus and concluded that every factual statement in the petition is supported by competent evidence included in the appendix and record, and (iii) he has personal knowledge that the items in the appendix and record are true and correct copies of documents material to Relator's claims and are either pleadings that are on file in the underlying suit, hearing transcripts and exhibits, or orders signed by the trial court in the underlying suit in this cause in the underlying suit, No. 2014-57427, in the 246th Judicial District of Harris County, Texas.

_____
STEPHEN LEKAS

SUBSCRIBED AND SWORN TO BEFORE ME on this 25th day of __March__, 2015.

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF __Texas__

14



MARIA ESTHER MUNOZ
Notary Public, State of Texas
My Commission Expires
June 29, 2016

My Commission Expires:

6-29-2016

I the Notary Public in this case, do hereby certify I am not an attorney in this case.

15

## CERTIFICATE OF CONFERENCE

As required by Texas Rule of Appellate Procedure 10.1(a)(5), I certify that I have conferred, or made a reasonable attempt to confer, with all other parties which are listed below about the merits of this motion with the following results:

Matthew Skillen, Attorney for Eric Bachelor.

_____
STEPHEN LEKAS

_____
3-27-2015
Date


## CERTIFICATE OF COMPLIANCE

As required by Texas Rule of Appellate Procedure 52.10(a), I certify that I have notified or made a diligent effort to notify all parties by expedited means (such as by telephone or fax) that this motion for temporary relief has been or will be filed.

_____
STEPHEN LEKAS

_____
3-27-2015
Date

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was mailed/emailed to the opposing counsel and Trial Judge by hand delivery on

3-29-2015.

Real Party in Interest via CMRR/email

Matthew Skillern
Attorney at Law
701 N. Post Oak, S-207
Houston, TX 77024
Tel: (713)229-8555
Fax: (713) 481-8800
TB# 24041926
mattew@skillernfirm.com

Trial Court Judge via hand delivery

Hon. Charley Prine
246th Judicial District Court
201 Caroline
Houston, TX 77002
Tel: 713 274 4500

17

## CERTIFICATE OF COMPLIANCE

My name is Stephen Lekas, attorney for Relator in Interest, Jessica Bachelor. Pursuant to Texas Rule of Appellate Procedure 9.4(i); I hereby certify that this brief contains _2535_ words. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

_____
STEPHEN LEKAS

# APPENDIX

Page

App 1 Original petition for Divorce, Harris County Texas ...................... A

App 2 Original petition for Divorce, Smith County, Texas ..................... B

App 3 Motion to Abate, Smith County, Texas .................................. C

App 4 Transcript Abatement hearing Smith County, Texas .................... D

App 5 Order to Abatement, Smith County, Texas. .............................. E

App 6 Eric Bachelor Plea in Abatement, Harris County Texas ................. F

App 7 Eric Bachelor Motion to Transfer, Harris County, Texas ............... G

App 8 Jessica Bachelor's Response to Plea in Abatement,
Harris County, Texas ..................................................... H

App 9 Jessica Bachelor Response to Motion to Transfer,
Harris County, Texas...................................................... I

App 10 Jessica Bachelor Motion to Reconsider, Harris County, Texas .......... J

App 11 Jessica Bachelor second amended petition, Harris County, Texas ....... K

App 12 Judge Prines order granting Eric Bachelor plea in abatement ........... L

App 13 Erik Bachelor's Motion to Reconsider transfer, Motion to dismiss and
Motion for additional fees and sanctions................................. M

App 14 Jessica Bachelor response to Eric Bachelor's Motion to reconsider
Transfer, to dismiss and for additional fees and sanctions ............... N

App 15 Jessica Bachelor supplemental response to Eric Bachelor's
Motion to Transfer ....................................................... O

App 16 Judge Prines order transferring the case to Smith County ................ P