### Guido Condosta v. Department of Social Welfare

[557 A.2d 499]

No. 87-376

Present: **Allen, C.J., Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed February 3, 1989

Motion for Reargument Denied February 16, 1989

*Guido Condosta, pro se,* Brattleboro, Plaintiff-Appellant.

*Jeffrey L. Amestoy, Attorney General,* Montpelier, *Donna Watts, Assistant Attorney General,* and *Robin Curtiss, Law Clerk (On the Brief),* Waterbury, for Defendant-Appellee.

**Gibson, J.** Petitioner appeals a decision of the Human Services Board affirming a reduction of his food stamp benefits by the Department of Social Welfare (DSW). The sole issue is whether an erroneous notice sent to petitioner by DSW purportedly reinstating his benefits constituted a settlement of his claim. We find that is did not, and affirm.

Petitioner's food stamp benefits were reduced by DSW pursuant to federally mandated guidelines set forth at Food Stamp Manual §§ 273.9(d)(5) and (6). Petitioner objected to the reduction of benefits, and informed his caseworker that he wanted a hearing on the matter.

Food Stamp Manual § 273.15(k) provides that once a fair hearing is requested, an individual in petitioner's situation has a choice between receiving prereduction benefits pending the outcome of the hearing, or receiving the reduced amount. If the objection is unsuccessful, however, the individual must return the excess benefits received during the interim period. *Id.*

Some confusion arose when the caseworker misunderstood petitioner's hearing request as an acceptance of the reduced level of benefits pending the hearing. Petitioner, on the contrary, wanted to continue receiving his prereduction benefits and sent a note to his caseworker informing her of his decision. His caseworker in response sent a supplemental check to make up the shortfall, with an accompanying explanatory note stating that the check was being sent pursuant to petitioner's request for a hearing and his right to a continuation of his prereduction benefits pending the appeal.

A fair hearing was scheduled by the Human Services Board and was held shortly thereafter. At that time, the Board denied petitioner's appeal to maintain his prereduction level of benefits and affirmed DSW's action.

The issue herein concerns petitioner's receipt of the what he acknowledges to be an erroneously generated computer notice informing him that his benefits had been reinstated at the previous level. Petitioner claims that this erroneous notice of reinstatement governs the amount of benefits to which he is entitled regardless of the outcome of the fair hearing before the Board. In

support of this claim, petitioner advances two arguments: first, that since he did not object to the DSW notice reinstating his previous level of benefits, DSW is bound to maintain that level; and second, that since the confusion was caused by DSW's computer, the Department cannot now claim error.

Petitioner has not advanced any legal argument that would allow the Court to rule in his favor. There is no evidence of reliance by petitioner on the erroneous notice generated by the DSW computer. At all relevant times, petitioner had notice of the true nature of the supplemental check issued to him. Further, the erroneous computer notice was received prior to the fair hearing requested by petitioner and appealed from herein.

Although it is regrettable that DSW did not more closely scrutinize the computer-generated notice it sent out, absent detrimental reliance by petitioner on the notice there was no legally cognizable harm. The hearing was held as scheduled, and petitioner appeared at the hearing. He had notice of the reduction and of his right, pending the appeal to the Board, to receive prereduction amounts subject to reimbursing DSW in the event his appeal failed. While we sympathize with petitioner's frustration at receiving an erroneously-generated computer notice, petitioner suffered no compensable harm and received all due process to which he was entitled.

*Affirmed.*