# Guido Condosta v. Department of Social Welfare

[578 A.2d 122]

No. 89-029

Present: Allen, C.J., Peck and Gibson, JJ.

Opinion Filed June 22, 1990

*Guido Condosta*, pro se, Brattleboro, Plaintiff-Appellant.

*Jeffrey L. Amestoy*, Attorney General, Montpelier, and *Donelle S. Staley*, Assistant Attorney General, Waterbury, for Defendant-Appellee.

**Gibson, J.** Petitioner appeals a Human Services Board decision reducing his food stamp benefits. We affirm.

The present appeal is a direct result of confusion that resulted when the Department of Social Welfare failed in fact to reduce petitioner's food stamp allotment following a July 29, 1987 decision by the Human Services Board reducing his benefits. That decision was affirmed by this Court on February 3, 1989. *Condosta v. Department of Social Welfare*, 151 Vt. 150, 557 A.2d 499 (1989). While that appeal was pending, petitioner's benefits were maintained at their prior level, and for more than a year, petitioner continued to receive food stamps at the higher level rather than the figure authorized in the Board's decision.

In September of 1988, another federally mandated change in food stamp computations increased the standard deduction from $102 to $106 per month, and notices of this change were sent to all food stamp recipients. The Department sent petitioner such notice on September 9, 1988, advising him that his food stamp allowance would *increase* from $38 to $43. At this time, the Department discovered that the July, 1987 Human Services Board order reducing his food stamps had never been implemented. The Department recalculated petitioner's benefits and on September 10, 1988 mailed him a notice stating that his benefits would be *reduced* from $43 to $30. The notice of the increase, however, arrived after the notice of the decrease, creating the present confusion. After petitioner called his caseworker to appeal, a corrected notice was sent on October 20, 1988, stating as follows:

> Your Food Stamps for October 1, 1988 have been decreased from* $43.00 to $30.00 because the Department has implemented the requirements of the Fair Hearing No. 7995. (FSM 273.15 q 3,5)
>
> * *Please Note*: The $43.00 figure was the prospective benefit based on information in our system after the desk review for October 1, 1988. Once the Fair Hearing ruling was implemented the actual change was from $38.00 (you received September 1988) to $30.00.
>
> If you have any questions feel free to call this office.

Despite the proffered explanation, petitioner sought and received a fair hearing before the Human Services Board. He argued first that the Department's reduction notice of September 10, 1988 could not be implemented, apparently on the ground that the notice contained errors which were the basis for a Supreme Court appeal that should have stayed the reduction. Though the argument is not entirely clear in his brief, petitioner appears to argue that he never had clear notice of a reduction in benefits.

This contention is without merit. Petitioner received notice of the Board's initial reduction decision of July 29, 1987, and that decision was subsequently affirmed by this Court. As

we stated in *Perry v. Department of Employment & Training,* 147 Vt. 621, 624, 523 A.2d 1242, 1243–44 (1987): "The essence of due process is the requirement of notice and an opportunity to be heard prior to state action resulting in deprivation of a property interest." Petitioner's due process rights appear to have been fully honored throughout the course of the 1987 proceedings. Nor may it be argued that because the implementation of the Board's 1987 decision was delayed through inadvertence, the earlier notice was rendered invalid. Petitioner suffered no prejudice because the benefit of the delay in implementation accrued entirely to him.

██ Petitioner contends that V.R.C.P. 62 supports his claim that he was automatically entitled to a stay of the Human Services Board order pending the present appeal. The Rules of Civil Procedure, however, are applicable only to matters pending in a superior or district court, V.R.C.P. 1 and D.C.C.R. 1; administrative hearings are not included within the purview of the Rules. *International Ass'n of Firefighters Local #2287 v. City of Montpelier,* 133 Vt. 175, 177, 332 A.2d 795, 796 (1975). Under the statute governing appeals from the Board to this Court, 3 V.S.A. § 3091(f), "[p]ending the final determination of any [Supreme Court] appeal the terms of the order involved shall be given effect by the agency except insofar as they relate to retroactive benefits." The food stamp regulations also make it clear that once the Board issues an order, it must be implemented. Food Stamp Manual § 273.15(s).

Petitioner further contends that the Department's computations were in error, but he did not place in the record before the Board, and has not demonstrated here, any computational error in the long history of this matter that has resulted in any diminution of benefits to him. The Department's errors have undoubtedly caused confusion and may have cost petitioner time in unraveling the computations. But the Department and the Board have satisfactorily explained what happened, and petitioner has not pointed to any reversible error.

*Affirmed.*