## Fernand J. Cyr and Debra R. Cyr v. Subaru of America, Inc.

[647 A.2d 706]

No. 93-230

Present: Dooley, Morse and Johnson, JJ., and Peck, J. (Ret.), Specially Assigned

Opinion Filed May 27, 1994

Motion for Reargument Denied June 23, 1994

*David A. Gibson*, Brattleboro, for Plaintiffs-Appellees.

*Philip C. Woodward* and *Sandra A. Strempel* of *Dinse, Erdmann & Clapp*, Burlington, for Defendant-Appellant.

**Johnson, J.** Manufacturer Subaru of America appeals from a decision of the Windham Superior Court that reversed the Vermont Motor Vehicle Arbitration Board's refusal to reopen an award and remanded the case for a new hearing. We reverse because the Board does not have authority to reopen a final arbitration award.

Consumers Fernand and Debra Cyr, appellees, purchased a new Subaru from an authorized Subaru dealer in October 1988. After having the car serviced and repaired numerous times, appellees filed a demand for arbitration with the Vermont Motor Vehicle Arbitration Board. The Board held a hearing on June 6, 1991, and on June 10 it issued a written decision. It found that consumers were "unable to produce three repair orders which specifically" related to one defect and thus had "failed to prove that the manufacturer was allowed a reasonable opportunity to conform the vehicle to the express warranty." Therefore, the Board dismissed the case with prejudice for lack of jurisdiction.

Nearly four months later, on October 7, 1991, appellees requested that the Board reopen the case. After a hearing, the Board denied the motion to reopen on its merits on December 17, 1991.

Consumers appealed this refusal to reopen to the Windham Superior Court. The court described the narrow issue before it as

"whether the Board erred in denying the motion to reopen." The court concluded that consumers had demonstrated "by clear and convincing evidence that the Board refused to hear evidence material to the controversy when it denied the motion to reopen," and thus vacated the Board's decision and remanded for the presentation of additional evidence. Subaru appeals, claiming that the court erroneously applied the standard of review for appeals from the Board. We reverse the superior court order because the Board does not have authority to reopen a final award.

▮ ▮ Under the New Motor Vehicle Arbitration Act, 9 V.S.A. §§ 4170–4181, "[t]he decision of the board shall be final and shall not be modified or vacated *unless, on appeal to the superior court* a party to the arbitration proceeding proves, by clear and convincing evidence" that one of four errors occurred.[1] *Id.* § 4176(a) (emphasis added). The Act does not specify any situation in which the Board has authority to reopen an award. See generally 9 V.S.A. §§ 4170–4181. In contrast, when delineating the authority of arbitrators operating under the authority of Vermont's general arbitration law, the Vermont Arbitration Act, 12 V.S.A. §§ 5651–5681, the Legislature clearly enumerated the very limited grounds upon which arbitrators may modify an award.[2] The negative implication is that the Motor Vehicle Arbitration Board does not have authority to modify a final award.

▮ Nonetheless, appellees argued to the Board that it had authority to reopen pursuant to V.R.C.P. 60(b), which allows a party

---

[1] The four errors are:
(1) the award was procured by corruption, fraud or other undue means;
(2) there was evident partiality by the board or corruption or misconduct prejudicing the rights of any party by the board;
(3) the board exceeded its powers;
(4) the board refused to postpone a hearing after being shown sufficient cause to do so or refused to hear evidence material to the controversy or otherwise conducted the hearing contrary to the rules promulgated by the board so as to prejudice substantially the rights of a party.
9 V.S.A. § 4176(a)(1)–(4).

[2] Under that Act, "[m]odification may be made for the purpose of clarifying the award or upon the following grounds:
(1) there was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award; or
(2) the arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or
(3) the award is imperfect in a matter of form, not affecting the merits of the controversy."
12 V.S.A. § 5664(b)(1)–(3).

to seek relief from judgment or order for up to one year, or by analogy to that rule. Rule 60(b) does not save appellees' error because the Rules of Civil Procedure do not apply to Board hearings. See *Condosta v. Department of Social Welfare*, 154 Vt. 465, 467, 578 A.2d 122, 123 (1990) ("The Rules of Civil Procedure . . . are applicable only to matters pending in a superior or district court, V.R.C.P. 1 and D.C.C.R. 1; administrative hearings are not included within the purview of the Rules."). In addition, the express legislative appeal scheme found in 9 V.S.A. § 4176 forecloses any analogy to Rule 60(b).

Accordingly, we hold that the Board does not have authority to reopen a final award. Rather, a party seeking to modify or vacate a Board award is required to apply to the superior court. Thus, appellees were required to apply to the superior court for relief within thirty days of the Board's June 10, 1991 order. 9 V.S.A. § 4176(a).

*Reversed; the June 10, 1991 order of the Board is hereby reinstated.*

**Morse, J.,** concurring. I would not go so far as to hold that the standards of V.R.C.P. 60(b) do not apply to judgments of the Board. This appeal should be affirmed because the ground to reopen the Board's judgment was not covered by Rule 60(b) (rule not designed to be a substitute for an appeal). The request to reopen—being one to reconsider and amend that judgment—was untimely. Nearly four months had passed since the Board's decision.