**William Cleveland v. Department of Employment Security**

[414 A.2d 1157]

No. 157-79

Present: Barney, C.J., Daley, Billings and Hill, JJ., and Underwood, Superior Judge, Specially Assigned

Opinion Filed April 8, 1980

*Shireen Avis Fisher,* Hardwick, *John A. Burgess,* Montpelier, and *Robert S. Burke* of *Richard E. Davis Associates, Inc.,* Barre, for Plaintiff.

*Brooke Pearson,* Montpelier, for Defendant.

**Billings, J.** This is an appeal by the claimant-employee from the determination of the Vermont Employment Security Board overruling the order of the chief appeals referee. The referee ordered dismissal of the employer's (Lamoille County Mental Health) appeal from the claims examiner's determination that claimant was entitled to benefits.

The claims examiner found on January 19, 1978, that the claimant was discharged by his employer for reasons other than misconduct. Pursuant to 21 V.S.A. ch. 17, timely notice was sent to the employee and to the employer, which bore a warning concerning the appeal period. No notice was sent to the employer's attorney, who had attended the hearing but did not participate or formally enter his appearance therein. The employer failed to take an appeal within the ten-day appeal period prescribed by 21 V.S.A. § 1348(a). However, on February 2, 1978, four days after the appeal time had run, the employer's attorney filed an appeal. After hearing, the chief appeals referee dismissed the appeal for lack of jurisdiction because the appeal time had expired prior to the filing of the appeal. Thereupon the employer, through its attorney, appealed to the Board.

After hearing, the Board reversed the decision of the chief appeals referee and remanded the cause to the referee for hearing on the merits. The Board found that the appeal had been timely since employer's attorney had not received any separate notice of the claims examiner's determination. The Board held that the appeal time did not commence to run until the attorney had been given notice. Under the circumstances on the record here, the attorney's appeal then would have been timely. The claimant comes to this Court pursuant to V.R.A.P. 5(a), appeal on report by agreement.

The following questions were certified for review pursuant to V.R.A.P. 13(d):

(1) Whether an attorney who attends and represents a claimant's last employing unit at a Fact Finding inter-

view before a Department of Employment Security Claims Examiner is entitled, under 21 V.S.A. § 1348(a), to separate notice of the Claims Examiner's Determination, independent of that notice provided directly to his client, on the basis that the attorney constitutes an "interested party" or either pursuant to the requirements of 3 V.S.A. § 812 or as a matter of due process of law.

(2) Whether the failure of the Department of Employment Security Claims Examiner to provide notice of his Determination to an attorney appearing and representing a claimant's last employing unit at a Fact Finding interview postpones the date on which the 10-day appeal period prescribed by 21 V.S.A. Section 1348(a) commences to run against the employing unit until the date of mailing to the attorney, notwithstanding the earlier mailing of a copy of the Determination directly to the employing unit.

(3) Whether the conclusion of the Vermont Employment Security Board that the appeal of the employing unit, filed 14 days after the date on which the Claims Examiner's Determination was mailed to the employing unit, but immediately after the attorney representing and appearing on behalf of the employing unit was notified of the Determination by the Department of Employment Security, was not time barred and, thus, did not deprive the Appeals Referee of jurisdiction, is correct as a matter of law.

The basic issue is whether a separate notice of determination must be sent to a party's attorney as well as to a party in order for the appeal time to commence running.

It is conceded that an attorney representing a party is not "an interested party" within the purview of 21 V.S.A. § 1348(a), and it is clear that notice of a determination has to be given to only a claimant, his employer, interested parties and the Commissioner. 21 V.S.A. § 1348(a); Vermont Department of Employment Security Board Rule 5(j). Although 3 V.S.A. § 812, a part of the administrative procedure act, requires that notices of decision be given to attorneys of record, this statute specifically exempts the Department of Employment Security from its coverage. 3 V.S.A. § 816(a)(2).

■ ■    Despite the lack of statutory directive for the requirement of notice to attorneys, the Employment Security Board claims that due process of law and fundamental fairness require it. In the case at bar these constitutional issues were not raised below and are not for our consideration. *Allen* v. *Vermont Employment Security Board,* 133 Vt. 166, 169, 333 A.2d 122, 124 (1975); *Hanley* v. *United Steel Workers of America,* 119 Vt. 187, 192, 122 A.2d 872, 875 (1956). On the record here, a fair hearing was held before the claims examiner, and there is no constitutional right of appeal. *Allen* v. *Vermont Employment Security Board, supra; Roddy* v. *Estate of Fitzgerald,* 113 Vt. 472, 475, 35 A.2d 668, 670 (1944). In addition, it is conceded here that the employer had adequate actual notice, and in the instant case the employer's attorney, although physically present at the claims examiner's hearing, did not participate or enter any formal appearance. The questions certified to this Court must be answered in the negative.

*Reversed, appeal dismissed.*