## Glenn A. Perry v. Department of Employment and Training

[523 A.2d 1242]

No. 85-477

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed January 23, 1987

*Thomas F. Garrett* and *Stephen Norman*, Law Clerk (On the Brief), Vermont Legal Aid, Inc., Burlington, for Plaintiff-Appellant.

*Brooke Pearson*, Montpelier, for Defendant-Appellee.

**Hill, J.** This is an appeal by the claimant-employee from a Vermont Employment Security Board (Board) decision dismissing claimant's appeal for failure to file a timely notice of appeal from a decision of a referee. We reverse and remand for further proceedings.

On March 13, 1985, a claims examiner for the Department of Employment and Training denied the claimant unemployment insurance benefits for a three-week period in early 1985. The claimant appealed the denial to an appeals referee under 21 V.S.A. § 1348. At an April 5 hearing before a referee, claimant was represented by counsel, who participated in the hearing and whose appearance was noted on the record. The referee upheld the determination of the claims examiner on April 12, and notice of the referee's decision was sent to the claimant and received April 13. No notice was sent to claimant's attorney.

Claimant's attorney did not learn of the decision until June 3, long after the six-day appeal period dictated by 21 V.S.A. § 1349 had run. Nevertheless, claimant's attorney filed an appeal with the Board. On August 30, following a hearing, the Board dismissed claimant's appeal for lack of jurisdiction based on claimant's failure to file a timely notice of appeal, and this appeal followed.

Claimant argues that the due process clause of the Fourteenth Amendment to the United States Constitution requires that before the statutory appeal period can begin to run, notice of the referee's decision must be given to both the claimant and counsel

of record who represented claimant at the proceeding from which the appeal was taken.*

As a preliminary matter, we note that our decision in *Cleveland v. Department of Employment Security*, 138 Vt. 208, 414 A.2d 1157 (1980), does not control the disposition of appellant's constitutional claim. In *Cleveland*, we held that the applicable statutes and rules did not mandate that a separate notice of a claims examiner's decision be sent to a party's attorney as well as to a party in order for the appeal period to commence running. *Id.* at 210, 414 A.2d at 1159. We declined to address a constitutional argument made by claimant, identical to the argument made by claimant in the instant case, because it was "not [properly] raised below." *Id.* at 211, 414 A.2d at 1159 (citing *Allen v. Vermont Employment Security Board*, 133 Vt. 166, 169, 333 A.2d 122, 124 (1975)). In this case, the due process question was raised below at the August 30 Board hearing, and is therefore properly before us in this appeal.

■ Since the constitutional issue of whether procedural due process requirements mandate notice to counsel in this type of case is squarely presented, we must first determine whether a right or interest requiring constitutional protection is involved. *In re Great Waters of America, Inc.*, 140 Vt. 105, 108, 435 A.2d 956, 958 (1981). Here, the claimant is seeking unemployment compensation benefits. Unemployment benefits are of the same nature, for purposes of this analysis, as welfare or other public assistance benefits, *Wheeler v. State*, 335 F. Supp. 856, 861 (D. Vt. 1971), and therefore rise to the level of constitutionally protected property rights. *Id.*; see also *Goldberg v. Kelly*, 397 U.S. 254, 262 n.8 (1970); *Sherbert v. Verner*, 374 U.S. 398, 404-06 (1963) (in First Amendment context, denial of unemployment compensation benefits subject to constitutional restraint).

■ Having ascertained the existence of a property interest, it is clear that procedural due process rights attach, *Burroughs* v.

---

* 21 V.S.A. § 1349 provides that an appeal may be taken by an interested party within six days after notice of decision of the referee is given. This section does not specify to whom notice of the referee's decision shall be given. Rule 16L of the Rules of the Vermont Employment Security Board provides, however, that "[a] copy of the decision shall be mailed or delivered to each party to the appeal including the Unemployment Compensation Division, and to the Commissioner." Nowhere do these provisions impose a requirement of or refer to notification of a party's counsel.

*West Windsor Board of School Directors,* 138 Vt. 575, 579, 420 A.2d 861, 863 (1980), because of the well-established principle that the essentials of due process must be met in administrative hearings. *In re Green Mountain Power Corp.,* 131 Vt. 284, 293, 305 A.2d 571, 577 (1973). The essence of due process is the requirement of notice and an opportunity to be heard prior to state action resulting in deprivation of a property interest. See *Bell* v. *Burson,* 402 U.S. 535, 542 (1971). A necessary corollary to this principle is that a litigant is entitled to "timely notice of decisions which have adjudicated his property interests, in relation to available appellate remedies." *Mountain States Telephone & Telegraph Co.* v. *Department of Labor & Employment,* 184 Colo. 334, 338, 520 P.2d 586, 588-89 (1974).

These principles lead us inexorably to the conclusion most ably articulated by Justice Lee in *Mountain States:*

> [W]hen a client has employed an attorney to present his defense to claims in litigation, and notice of this representation by entry of appearance has been given to the opposing party and the court, or other adjudicatory body, all notices required to be given in relation to the matters in controversy, including notice of the decision and entry thereof, should be given to the attorney of record. This basic requirement flows from the attorney-client relationship by which the management, discretion and control of all procedural matters connected with the litigation is invested in the attorney. . . . If the attorney through no fault of his own is denied notice of the critical determination in the case, and by reason thereof fails to take procedural steps necessary to preserve his client's rights, fundamental unfairness results. Procedural due process cannot be satisfied when counsel, upon whom a client is entitled to rely, is not notified of decisions affecting his client's interests.

*Id.* at 338-39, 520 P.2d at 589 (citations omitted).

■ We hold, therefore, that where a party making a claim for benefits is represented by an attorney of record in an administrative proceeding before the Department of Employment and Training, notice of decisions affecting the substantial rights of the party must be given to both the party and his attorney. The claimant in the present proceeding was denied due process by the Board's denial of his right to appeal.

*The order of the Board is reversed and the case is remanded to the Board with directions to reinstate the appeal.*