## John F. Romeo v. Department of Employment and Training

[556 A.2d 93]

No. 87-245

Present: **Allen, C.J., Peck, Gibson and Dooley, JJ., and Springer, D.J. (Ret.), Specially Assigned**

Opinion Filed December 23, 1988

*John F. Romeo, pro se*, Burlington, Plaintiff-Appellant.

*Brooke Pearson*, Montpelier, for Defendant-Appellee.

**Dooley, J.** Claimant appeals pro se from an Employment Security Board decision affirming the denial of unemployment benefits because of misconduct connected with his work. See 21 V.S.A. § 1344(a)(1). The misconduct concerned allegations that claimant had taken approximately ten newspapers from a vending machine in downtown Burlington. At a hearing before the chief appeals

---

with "slight additional evidence." *A Juvenile*, 396 Mass. 116, 484 N.E.2d 995 (1985). This burden is met in this case.

referee, claimant denied he took the newspapers. The referee, however, sustained the denial because he gave greater credence to testimony identifying claimant's taxicab by number as the one involved in the alleged theft, together with evidence that claimant was in the vicinity of the alleged theft when it occurred.

Claimant's sole argument is that his guilt was not proven in accordance with the constitutional rights and procedures afforded the accused in a criminal trial. While the claimant was entitled to due process of law in the determination of his entitlement to unemployment compensation benefits, *Perry* v. *Department of Employment & Training*, 147 Vt. 621, 623, 523 A.2d 1242, 1243 (1987), neither the proceeding before the chief appeals referee nor the appeal to the Board involved criminal charges against claimant. The narrow legal issue was the clearly civil question of whether the employer satisfactorily demonstrated that the claimant did, in fact, take the newspapers, as he was reported to have done. Consequently, while the employer had the burden of proof on the issue of misconduct, *Porter* v. *Department of Employment Security*, 139 Vt. 405, 410, 430 A.2d 450, 453 (1981), the measure of proof of claimant's actions was the civil standard of a preponderance of the evidence, not the criminal standard of proof beyond a reasonable doubt. *Lyndonville Savings Bank & Trust Co.* v. *Peerless Insurance Co.*, 126 Vt. 436, 439, 234 A.2d 340, 342 (1967).

The evidence identifying claimant's taxicab by number involved hearsay, but the specificity of the identification evidence and the corroborating evidence placing claimant's taxi in the vicinity of the alleged theft lent weight to the finding. The evidence, taken as a whole, was credible, and the Board's findings must be affirmed since they are supported by credible evidence. *Whitcomb* v. *Department of Employment & Training*, 147 Vt. 525, 528, 520 A.2d 602, 604 (1986); *Darken* v. *Mooney*, 144 Vt. 561, 568, 481 A.2d 407, 412 (1984).

*Affirmed.*