*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## <u>ENTRY ORDER</u>

SUPREME COURT DOCKET NO. 2016-171

JANUARY TERM, 2017

| | | |
|---|---|---|
| John Tansey | } | APPEALED FROM: |
| | } | |
| | } | Employment Security Board |
| v. | } | |
| | } | |
| Department of Labor | } | DOCKET NO. 02-16-063-05 |
| (Mount Snow Ltd., Employer) | } | |

In the above-entitled cause, the Clerk will enter:

Claimant appeals the Employment Security Board's decision upholding the determination of the administrative law judge (ALJ) that claimant was terminated for misconduct connected with his work and therefore temporarily foreclosed from obtaining unemployment compensation benefits. We affirm.

The ALJ made the following findings, which were adopted by the Employment Security Board, after conducting a hearing in which claimant and employer Mount Snow Ltd. participated. Claimant worked for employer for two and one-half years as a bartender before being discharged on January 13, 2016. He had received a written warning in August 2015 for making a guest feel unwanted and was told at that time that any further behavior of this type could result in termination of his employment. In early January 2016, employer became aware of a TripAdvisor review indicating that the bartender on the night in question, who turned out to be claimant, was rude to the reviewer and her friends when they wanted to get drinks late one evening. Based on this review and the previous warning, employer discharged defendant from his bartending position.

A few days later, employer hired claimant as a snowboarding instructor. Approximately one week after beginning his instructor job, claimant informed the director of food and beverage that he had contacted the TripAdvisor reviewer and told her that he had been fired because of her review and that she needed to think twice before placing such a review again. Looking to get his bartender job back, claimant informed the director of food and beverage that the reviewer had removed the review after he had contacted her. Upon being informed of what had transpired, the human services (HR) director fired claimant for contacting the TripAdvisor reviewer without obtaining employer's permission.

Claimant reported to the Department of Labor on a fact-finding form that he had been fired because of a complaint on TripAdvisor. He denied being rude. Based on this information, the claims adjudicator determined that claimant was entitled to unemployment compensation benefits because employer had failed to demonstrate sufficient grounds to constitute misconduct. Employer appealed to the ALJ, who determined, following a hearing in which employer and claimant participated, that claimant was temporarily foreclosed from receiving unemployment compensation benefits because employer had demonstrated that claimant was fired for misconduct

connected to his work. Claimant appealed to the Employment Security Board, which upheld the ALJ's determination.

On appeal, claimant's principal argument is that denial of his claim resulted from false representations made by the HR director. Claimant also asserts that he was given insufficient notice of the hearing before the ALJ, that the ALJ did not allow him to present his case at the hearing, and that the real reason he was fired was because he had filed a workers' compensation claim in 2013. We need not consider the latter assertion, which is made for the first time in this appeal in a single conclusory sentence. Nor do we find any merit to claimant's assertions regarding lack of adequate notice or biased treatment by the ALJ. The record demonstrates that defendant was provided timely notice of the hearings before the ALJ and the Board and that the ALJ provided claimant with a full opportunity to present his case. The interruptions referred to by claimant were aimed only at getting defendant to put questions in the form of a question and not present evidence while examining employer's witnesses.

As noted, claimant's principal argument is that the denial of his claim was based on false representations made by the HR director. He states that the HR director was untruthful in asserting that he had admitted the behavior described in the TripAdvisor review, that TripAdvisor prohibits contacting reviewers, that he had had two prior warnings for being rude to guests, and that the employer had not received similar complaints by guests of other employees.

A problem with this argument is that neither the ALJ nor the Board relied on these alleged misrepresentations in concluding that claimant had been fired for misconduct connected to his work. An employee may be disqualified from receiving unemployment compensation benefits for a specified period if, in relevant part, the employee "has been discharged by his or her last employing unit for misconduct connected with his or her work." 21 V.S.A. § 1344(a)(1)(A). "The fact that misconduct may support a discharge does not necessarily mean that the same misconduct disqualifies an employee from receiving unemployment benefits." Cross v. Dep't of Emp't & Training, 147 Vt. 634, 635 (1987). "This Court has defined misconduct sufficient to constitute disqualification under § 1344 as substantial disregard of the employer's interest, either willful or culpably negligent." Allen-Pentkowski v. Dep't of Labor, 2011 VT 71, ¶ 6, 190 Vt. 556 (quotation omitted). Culpable negligence connotes something more than mere negligence or errors in judgment. Favreau v. Dep't of Emp't & Training, 151 Vt. 170, 172 (1989).

The employer has the burden to establish misconduct by a preponderance of the evidence. See Allen-Pentkowski, 2011 VT 71, ¶ 6; Romeo v. Dep't of Emp't & Training, 150 Vt. 591, 592 (1988). "Weight, credibility and persuasive effect are for the trier of fact." Kasnowski v. Dep't of Emp't Sec., 137 Vt. 380, 381 (1979). "This Court will not disturb the Board's findings if there is any credible evidence to support them even when substantial evidence to the contrary exists." Favreau, 151 Vt. at 173. Moreover, we "must uphold the Board's decisions unless it can be demonstrated that the findings and conclusions were erroneous." Trombley v. Dep't of Emp't & Training, 146 Vt. 332, 334 (1985).

We emphasize that we are not a factfinding body. In his brief, claimant explains in detail his position that the HR director was untruthful in much of his testimony and what the actual facts are. We cannot consider these arguments. As long as there is some evidence to support the findings of fact of the Board and the ALJ, we must accept those findings even if based on the testimony of a witness that appellant asserts was lying. With respect to the findings on which the administrative decision rests, we conclude they are supported by the evidence.

Claimant does not argue here that his action in contacting the TripAdvisor reviewer was an error in judgment or mere negligence.  The Board determined that this conduct was sufficiently inimical to employer's interest to constitute misconduct temporarily disqualifying him from obtaining unemployment compensation benefits.  The employer had demonstrated its concern about conduct toward guests when it warned claimant after the earlier rudeness incident.  The employer acted appropriately when it reacted to claimant's contact with the TripAdviser reviewer to complain about the review and its consequence for him.  We find no basis to overturn the Board's determination that claimant's conduct was in substantial disregard of employer's interest.

Affirmed.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice