NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2023 VT 64

No. 23-AP-003

| | |
|---|---|
| John F. Rawley, et al. (Greg Wilson & Maria Shik, Trustee, Appellants) | Supreme Court |
| v. | On Appeal from Superior Court, Windham Unit, Civil Division |
| Nicholas P. Heymann, et al. | September Term, 2023 |

Michael R. Kainen, J.

Richard K. Bowen of Law Office of Richard K. Bowen, Springfield, for Plaintiffs-Appellants.

Constance Tyron Pell of Carroll, Boe, Pell & Kite, P.C., Middlebury, for Defendants-Appellees Nicholas and Bibiana Heymann.

Hans G. Huessy of MSK Attorneys, Burlington, for Defendants-Appellees Cathryn Abbott and Victor Baisley.


PRESENT: Reiber, C.J., Eaton, Carroll and Cohen, JJ., and Dooley, J. (Ret.), Specially Assigned


¶ 1.    **CARROLL, J.**    In this declaratory-judgment action, plaintiffs appeal the trial court's grant of summary judgment to defendants regarding the allocation of maintenance costs for a private, shared road. We affirm.

¶ 2.    Plaintiffs are the owners of five of seven lots served by Purple Mountain Road, a private road in the towns of Dummerston and Brookline. Defendants are the owners of the other two lots. Plaintiffs filed this action in November 2019, seeking a declaration from the court as to how maintenance costs of the private road should be allocated among the lot owners. Although

all parties acknowledged that they have some obligation to contribute to maintenance costs, plaintiffs and defendants disagree as to how those costs should be allocated. Plaintiffs assert that each lot owner should contribute based on the percentage of distance traveled from the public highway along the private road to reach the driveway to their respective lot. Defendants maintain that all parcel owners should divide costs equally. Following discovery, the parties filed cross-motions for summary judgment.

¶ 3.     In December 2022, the court issued a written decision denying plaintiffs' motion for summary judgment and granting defendants' motions. The following summarized facts are undisputed unless otherwise noted. The road was constructed by developers in the mid-1970s as part of the creation of a seven-lot subdivision. The road is fifty feet wide and extends 3790 feet from a public highway to a dead-end cul-de-sac; it has no outlets. Plaintiff-appellant Trustee Shik controls the lot closest to the public highway, and the trust's driveway is approximately 735 feet from the highway. Plaintiff-appellant Gregory Wilson's lot is adjacent to the trust's property. Defendants own the two lots located farthest from the public highway—the Heymann lot is approximately 3356 feet away, and the Abbott and Baisley lot is approximately 3790 feet away. All parties use the road to access their properties, although the parties dispute the frequency and intensity of use by various lot owners. All seven of the parties' deeds provide them the right to use the road. The chain of title for the first lot conveyed out by the original developers—now owned by defendants Abbott and Baisley—does not explicitly address road-maintenance obligations. The deeds for the other six lots all contain a requirement that the grantee "will bear their proportionate share of the repair and maintenance of the road."

¶ 4.     Currently there is no written road-maintenance agreement that binds all parties. However, the parties submitted affidavits, prior agreements, and other documents with their summary-judgment motions, demonstrating numerous different ways that some or all of the parties or their predecessors in interest have allocated maintenance costs over the years. For example,

2

defendants Nicholas and Bibiana Heymann submitted a 2012 road-maintenance agreement that was signed by some but not all owners, recorded in the Dummerston land records, and provided that all maintenance costs would be divided equally among lots. The Heymanns asserted that all parties, including those who had not signed, abided by these terms from 2012 through 2017, but plaintiffs disputed this fact.[1] Plaintiffs submitted affidavits and agreements in support of their assertion that from the 1980s until 2001, when defendants Abbott and Baisley purchased their property, all lot owners contributed to maintenance proportionally based on distance from the public highway. Defendants disputed this fact to some extent. The parties also made disputed assertions about the history and status of development on each lot. It appears that some lots are, or were recently, undeveloped and some lots may have more than one residence.

¶ 5.    The court determined that because there is no operative road-maintenance agreement binding all parties, 19 V.S.A. § 2702 governs their obligations. See 19 V.S.A. § 2702 ("In the absence of an express agreement or requirement governing maintenance of a private road, when more than one person enjoys a common benefit from a private road each person shall contribute rateably to the cost of maintaining the private road . . . ."). It concluded that "rateably" can mean either equally or proportionally based on use or some other measure, depending on the circumstances. In considering the circumstances here, the court reasoned as follows:

> In this case, the parties created a right of way with shared benefits, and all have the right to utilize the entire Road at any time. Cf. Birchwood Land Company, Inc. v. Krizan, 2015 VT 37, ¶¶ 11 and 21, 198 Vt. 420 (incidental benefits not unjust enrichment). Their right of way enhances private and commercial access to their properties. The fact that the Road is a cul-de-sac does not compel a

---

[1] Defendants Abbott and Baisley argue that an alternative basis for this Court to affirm the trial court's ruling is to conclude that the 2012 road-maintenance agreement, which is not signed by all parties, is nevertheless binding on all parties because all parties performed or otherwise ratified the agreement. These supporting facts appear disputed. To the extent that defendants are contending that the trial court erred by determining that the contract was not binding, they waived that argument by failing to file a cross-appeal. See Huddleston v. Univ. of Vt., 168 Vt. 249, 255, 719 A.2d 415, 419 (1998) (concluding that party who failed to cross-appeal trial court ruling could not raise contested issues to this Court).

different conclusion, in that all who access their properties through this road also share in privacy afforded by the fact that it is not a thoroughfare. Cf. Regan v. Pomerleau, 2014 VT 99, ¶¶ 34-35, 197 Vt. 449 (discussing access/easements by necessity as essential to enjoyment of land). In short, under these circumstances, all parties must pay a reasonable equal fee for maintenance of the Road, and they cannot parse out some smaller amount based on some notion of actual use.

¶ 6. On appeal, plaintiffs argue that the trial court should have applied the "proportionate"-contribution standard contained in all but one of the current owners' deeds, and that this standard requires the parties to make prorated contributions to maintenance based on distance from the public road. Plaintiffs contend that the court's determination that "rateable shares" meant "equal shares" is not supported by the record and the court failed to consider important material facts.[2]

¶ 7. "We review summary[-]judgment decisions de novo, using the same standard as the trial court." Gauthier v. Keurig Green Mountain, Inc., 2015 VT 108, ¶ 14, 200 Vt. 125, 129 A.3d 108. "Summary judgment will be granted 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.' " Id. (quoting V.R.C.P. 56(a)). We review the record as a whole, accepting as true allegations made in opposing summary judgment as long as they are supported by evidentiary materials, Robertson v. Mylan Lab'ys, Inc., 2004 VT 15, ¶ 15, 176 Vt. 356, 848 A.2d 310, and give the benefit of all reasonable doubts and inferences to the nonmoving party. Gauthier, 2015 VT 108, ¶ 14.

¶ 8. Where landowners served by a private road are subject to an agreement or particular requirement for contributing to road-maintenance expenses—for example, as set forth in deeds or a subdivision plan—the language of that agreement or requirement governs road maintenance.

---

[2] Plaintiffs argue that the court was required to hold an evidentiary hearing before issuing its final order. Plaintiffs do not cite to where they requested a hearing below, nor cite any authority to support this position. We do not reach this argument. See Khan v. Alpine Haven Prop. Owners' Ass'n (Khan II), 2020 VT 90, ¶ 29, 213 Vt. 453, 245 A.3d 1234 (refusing to reach inadequately briefed claim); V.R.A.P. 28.

4

However, where there is no such agreement or requirement, each landowner must contribute "rateably." 19 V.S.A. § 2702; Hubbard v. Bolieau, 144 Vt. 373, 375, 477 A.2d 972, 973 (1984) ("This Court has long recognized the equitable principle that when several persons enjoy a common benefit, all must contribute rateably to the discharge of the burdens incident to the existence of the benefit." (quotation omitted)). Under the rateable standard, the formula for contribution must be "reasonable and equitable" given the benefits that each owner receives. Khan II, 2020 VT 90, ¶ 40. Thus, the "basis of fair apportionment will vary depending on the circumstances." Id. ¶ 9 (quoting Restatement (Third) of Prop.: Servitudes § 4.13 cmt. e (2000)).

¶ 9. The court correctly determined that the parties' contributions are governed by 19 V.S.A. § 2702 and the common-law principles recognized in Hubbard. It is undisputed that there is no current express agreement among all parties regarding maintenance obligations. Plaintiffs argue that the maintenance servitude requiring "proportionate" contributions, which is contained in all but one of the parties' chains of title, should control. Under certain circumstances, a common servitude may be implied where most but not all deeds in a subdivision contain such language. See Khan v. Alpine Haven Prop. Owners' Ass'n (Khan I), 2016 VT 101, ¶ 30, 203 Vt. 251, 153 A.3d 1218 (discussing implied servitudes). But there is no indication that plaintiffs raised such an argument below, and they have not advanced that contention on appeal. Insofar as it was not fairly presented to the trial court, the court was not obligated to consider whether an implied servitude pertaining to maintenance obligations existed, and we will not entertain that issue for the first time on appeal. See Bull v. Pinkham Eng'g Assocs., 170 Vt. 450, 459, 752 A.2d 26, 33 (2000) ("Contentions not raised or fairly presented to the trial court are not preserved for appeal.").

¶ 10. We disagree with plaintiffs that the trial court erred in concluding that the term "rateably" meant "equal contribution" on the facts of this case. In this declaratory judgment action, neither party has argued that there is a dispute as to any material fact that would prevent an award of summary judgment. See V.R.C.P. 56(a). Thus, the trial court, and this Court, are required to

5

choose only whether "rateably" meant prorated maintenance contributions or equal maintenance contributions. Osier v. Burlington Telecom, 2016 VT 34, ¶ 41, 201 Vt. 483, 144 A.3d 1024 ("The purpose of a declaratory judgment action is to enunciate, so far as is requested and is appropriate, the rights of the parties . . . ." (quotation omitted)). In other words, the court was required to determine which option was "reasonable and equitable" given the benefits each owner received from the road. Khan II, 2020 VT 90, ¶ 40. With this background in mind, its conclusion was appropriate.

¶ 11. The parties do not dispute that the road ends in a cul-de-sac. Though no party asserts that they could or could not use the entire road at any time, including the cul-de-sac, the court inferred that the parties could do so. This was a reasonable inference because it is the only reasonable inference on these facts. See Vt. Coll. of Fine Arts v. City of Montpelier, 2017 VT 12, ¶ 7, 204 Vt. 215, 165 A.3d 1065 ("When . . . there are cross-motions for summary judgment, both parties are entitled to the benefit of all reasonable doubts and inferences when being considered as the nonmoving party." (quotation omitted)). The subject deeds do not limit the parties' use of the road. See Rowe v. Lavanway, 2006 VT 47, ¶ 11, 180 Vt. 505, 904 A.2d 78 (stating that goal in interpreting deeds is to implement intent of parties, which is done by looking to language of written instrument first because we presume that instrument declares parties' intent). And we do not lightly read implied terms into deeds that restrict the scope of ownership. See Gladchun v. Eramo, 2023 VT 5, ¶ 20, __ Vt. __, 291 A.3d 1285 (declining to find right to install underground utilities on easement where unambiguous deed did not contain express right to do so, in part because of Vermont's history of vigorous private-property protection).

¶ 12. The opposite inference—that the parties can only use the length of road that provides access to their driveways from the highway and no more—is unreasonable for a host of reasons. For example, it is unreasonable to infer that a lot owner must pay additional maintenance costs if a guest mistakenly drives past the lot owner's house and uses the cul-de-sac to return to

6

the correct location. It is unreasonable to infer that law enforcement and emergency services are limited to a particular portion of the road depending on the location of the property at issue or could not otherwise use the cul-de-sac to turn around. Nor is it reasonable to infer that defendants are the only parties who may use the cul-de-sac, or that defendants enjoy a right to use the entire road while plaintiffs do not.

¶ 13. Based on the court's unrestricted-use inference, the court also determined that the parties enjoyed equal benefit from the road given its nature. This too was reasonable. See Khan II, 2020 VT 90, ¶ 40. We do not disagree with the court's conclusion that the parties equally share in the benefits of the road and must "pay a reasonable[,] equal fee for" its maintenance.

¶ 14. More importantly, plaintiffs do not challenge the court's unrestricted-use inference on appeal. In fact, plaintiffs present the Court with virtually no substantive argument concerning 19 V.S.A. § 2702 and Hubbard, other than to assert that the cases cited by the court do not "support [the] conversion" from "ratable shares" to "equal shares." Instead, plaintiffs maintain that "there is [already] a requirement governing the maintenance and repair" of the road, which is contained in the subject deeds. They further contend that § 2702 "defers" to local "requirements governing maintenance of private roads." We rejected plaintiffs' "proportionate"-contribution argument above. See supra, ¶ 9. Plaintiffs also do not contend on appeal that the court improperly determined equal benefit to each party based on the inference of unrestricted use. Id.

¶ 15. Instead of challenging the court's reasoning as it relates to § 2702 and Hubbard, plaintiffs argue that the court did not "make specific find[ings] nor does it reference specific undisputed facts." This misunderstands the summary-judgment standard. "It is not the function of the trial court . . . to find facts on a motion for summary judgment . . . ." Booska v. Hubbard Ins. Agency, Inc., 160 Vt. 305, 309, 627 A.2d 333, 335 (1993) (describing that summary judgment is not substitute for determination on merits); Crosby v. Great Atl. & Pac. Tea Co., 143 Vt. 537, 539, 468 A.2d 567, 569 (1983) (explaining that "findings of fact" in summary-judgment context

7

"merely include precise statements delineating the facts that exist without substantial controversy" (quotation omitted)). Moreover, the court did detail many undisputed material facts in its final order. For example, it recited the undisputed facts that there was no written road-maintenance agreement in place at the time of the action, the road extended 3790 feet from the highway to a dead-end terminus, and that most but not all of the deeds contained the following phrase: the owner "will bear [his, her, or their] proportionate share of the repair and maintenance of the road."

¶ 16.    Given the two options before it, the court did not err. The court was within its authority to recount the undisputed facts it did and conclude that "rateably" meant equal contributions from each party based on the equal benefits each party received from the road. We see no reason to disturb its order.

Affirmed.

FOR THE COURT:

_____
Associate Justice


¶ 17.    **COHEN, J., dissenting.**   I agree that 19 V.S.A. § 2702 controls the underlying dispute over the amount that each party must contribute towards the costs of maintaining the private, shared road at issue here. In my view, however, there was a genuine dispute over the precise benefit that each owner has gained from the right to use that shared road. This necessarily involves facts that are material to determining the rateable contribution that each owner must pay towards maintenance expenses. Under those circumstances, I don't believe that summary judgment was appropriate based on the evidence adduced below. Therefore, I respectfully dissent.

¶ 18.    Section 2702 provides, in relevant part, that "[i]n the absence of an express agreement or requirement governing maintenance of a private road, when more than one person enjoys a common benefit from a private road each person shall contribute rateably to the cost of

8

maintaining the private road." 19 V.S.A. § 2702. What constitutes the rateable amount will vary depending upon the circumstances. See Moyers v. Poon, 2021 VT 46, ¶ 38, 215 Vt. 118, 266 A.3d 1253.

¶ 19. This Court has observed that 19 V.S.A. § 2702 "codifies longstanding equitable principles based on considerations of unjust enrichment." Moyers, 2021 VT 46, ¶ 32. In keeping with its role, a trial court determines the equitable amount owed by each owner in accordance with the benefit that owner receives. See Khan v. Alpine Haven Prop. Owners' Ass'n., 2020 VT 90, ¶ 40, 213 Vt. 453, 245 A.3d 1234. But to do so, the evidence must establish the nature and extent of each owner's individual benefit that arises from the right to use a road. See Moyers, 2021 VT 46, ¶ 38 (concluding that summary judgment improper where evidence was insufficient to determine nature and extent of benefit accorded to each neighbor).

¶ 20. Here, the trial court concluded that, because each party has equal rights to use and access the entirety of the road, each party therefore receives an equal benefit. But that should be the beginning of the inquiry, not the end. We have previously noted a variety of factors that inform the extent of a benefit gained from the right to use a private road, including who uses the road and the frequency of that use. Moyers, 2021 VT 46, ¶ 38. Consequentially, a deeper inquiry into the circumstances of how each party utilizes the road is critical to determining the extent of the benefit that party receives. Two parties that possess the same legal right to access and use a road may not always benefit equally.

¶ 21. Here, the evidence does not provide a basis to conclude that the road imparts an equal benefit to each individual party. For instance, defendants Nicholas and Bibiana Heymann submitted evidence that two plaintiffs have multiple tenants residing at their respective properties, some of whom have multiple vehicles. They also submitted evidence that some parties are fulltime residents whereas others are nonresidents who rarely use the road. And according to the evidence,

one plaintiff owns nothing more than a single, undeveloped lot, which is also the smallest lot among the parties.

¶ 22. To be sure, determining the parties' use of the road for purposes of evaluating benefits may be impracticable under certain circumstances. We acknowledged as much in Khan. 2020 VT 90, ¶ 40. In that scenario, an equal division of expenses might prove to be the most equitable solution. See Moyers, 2021 VT 46, ¶ 38. Unlike in Khan, however, this dispute does not concern a large housing development involving maintenance expenses for shared interconnecting roadways consisting of eighty-five lots. 2020 VT 90, ¶¶ 3-8. Instead, at issue is a single road involving seven separate lots. Khan's logic, in my view, is inapposite under the instant circumstances. Therefore, the trial court should not have disclaimed the relevance of each party's actual use of the road in evaluating their respective benefits.

¶ 23. Highlighting my concern is the notion that when multiple parties have an unrestricted right to use a shared road, a court may reasonably infer that the right provides an equal benefit to each party. I note that § 2702 applies when "more than one person enjoys a common benefit from a private road." 19 V.S.A. § 2702 (emphasis added). That commonality, in my opinion, clearly contemplates multiple parties possessing the same unrestricted right to use a shared road. Had the Legislature intended for expenses to be apportioned equally among parties sharing that common right, the term "equally" would appear in the statute, not "rateably." See Northfield Sch. Bd. v. Washington S. Ed. Ass'n, 2019 VT 26, ¶ 15, 210 Vt. 15, 210 A.3d 460 ("We presume that the Legislature chose its words advisedly." (quotation omitted)).

¶ 24. Finally, the trial court apparently felt that it was bound to choose between the two options proposed by the parties for allocating maintenance expenses. In particular, defendants requested an equal allocation of expenses, whereas plaintiffs sought to allocate expenses based on use and distance from the public road access. But I do not believe that the court was restricted to these choices. "Courts have a wide range of discretion to mold equitable decrees to the

circumstances of the case before them." <u>Richardson v. City of Rutland</u>, 164 Vt. 422, 427, 671 A.2d 1245, 1249 (1995) (quotation omitted). Given that a court is exercising its equitable powers when determining a party's rateable contribution under 19 V.S.A. § 2702, it necessarily has great latitude in fashioning the relief it believes is equitable. To do so, a court should apply relevant principles of fundamental fairness as it would for any equitable determination. Cf. <u>Wynkoop v. Stratthaus</u>, 2016 VT 5, ¶ 24, 201 Vt. 158, 136 A.3d 1180 (providing that adjudication of equitable partition action requires consideration of "equitable principles in crafting a fair remedy between the parties, while avoiding unjustly enriching either party").

¶ 25.    Although an equal division of expenses might prove to be most equitable under the circumstances, "that may or may not be the case here." <u>Moyers</u>, 2021 VT 46, ¶ 38. In my opinion, that determination should have been left to the factfinder, who could very well have reached the same conclusion as the trial court did here. But the posture of this case does not provide an adequate basis to render summary judgment on the rateable contribution of the parties pursuant to 19 V.S.A. § 2702. Accordingly, I would reverse and remand for further proceedings.


_____
Associate Justice


11