NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2025 VT 43

No. 24-AP-338

| | |
|---|---|
| Salisbury AD 1, LLC | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Addison Unit, Civil Division |
| | |
| Town of Salisbury | June Term, 2025 |

David A. Barra, J.

Malachi T. Brennan and Rachel L. Seelig of SRH Law PLLC, Burlington, for
 Plaintiff-Appellee.

Kevin L. Kite of Carroll, Boe, Pell & Kite, P.C., Middlebury, for Defendant-Appellant.

PRESENT: Reiber, C.J., Eaton, Carroll, Cohen and Waples, JJ.

¶ 1.      **REIBER, C.J.**  This case arises out of a tax grievance before the Town of Salisbury listers. The Town of Salisbury appeals the trial court's denial of its motion for summary judgment and the granting of taxpayer's motion for summary judgment including mandamus relief pursuant to Vermont Rule of Civil Procedure 75. In so ordering, the trial court determined that the Town failed to satisfy due process by not mailing notice of the listers' grievance decision to both taxpayer and taxpayer's counsel. In the circumstances of this case, procedural due process does not require notice to be mailed to counsel in addition to taxpayer. We reverse.

## I. Background

¶ 2.     Taxpayer, Salisbury AD 1, LLC, owns an anaerobic digester facility in Salisbury, Vermont.  In 2023, taxpayer grieved the Town's tax assessment for tax year 2023-2024.  In July 2023, taxpayer and taxpayer's counsel attended the 2023 Grievance Hearing before the town listers.  By notice dated July 11, 2023, the listers sent their decision denying the grievance appeal via certified mail with return receipt requested to taxpayer at its address of record.  The post office return receipt reflects that taxpayer received and signed the notice on July 13, 2023.

¶ 3.     The notice included instructions for appealing the decision to the Town of Salisbury Board of Civil Authority (BCA) and indicated that an appeal must be made in writing within fourteen days of the date on which the listers mailed the notice of decision, pursuant to 32 V.S.A. § 4404(a).[1]  The notice did not include any reference to taxpayer's counsel.  It is undisputed that taxpayer forwarded the notice to its counsel on July 27, 2023, sixteen days after the notice was mailed.

¶ 4.     On July 28, 2023, taxpayer's counsel filed a notice of appeal to the BCA with the Salisbury town clerk.  On August 3, 2023, the town clerk responded to counsel that the appeal was untimely, explaining that the deadline for submitting an appeal according to the language of the notice on its face was July 25, 2023.  Taxpayer's counsel sent a letter to the Town requesting reconsideration which the Town denied.

---

[1] The printed notice stated:

> Pursuant to [32 V.S.A. § 4404], a person aggrieved by the final decision of the board of listers/assessors after grievance day may appeal to the board of civil authority of the town.  The APPEAL MUST BE MADE WITHIN FOURTEEN (14) DAYS OF THE TIME THIS NOTICE WAS MAILED by the Listers or Assessor. The APPEAL MUST BE MADE IN WRITING AND DELIVERED TO THE TOWN CLERK and it must briefly set forth the grounds upon which the appeal is based.

## II. Procedural History

¶ 5.     Following the Town's denial of taxpayer's request for reconsideration, taxpayer appealed to the Addison Superior Court, Civil Division pursuant to 32 V.S.A. § 4461 and Vermont Rule of Civil Procedure 74.  The Town moved to dismiss arguing that the superior court lacked jurisdiction to hear the tax appeal because taxpayer had not exhausted administrative remedies.  Taxpayer opposed the motion and alternatively moved for leave to amend its complaint.

¶ 6.     In its motion to amend its complaint, taxpayer asserted the town erred by failing to send notice of the listers' grievance decision to taxpayer's counsel.  It therefore sought to incorporate into its pleading a request to review an "action or failure or refusal to act by a political subdivision of the state" pursuant to Rule 75.  The court granted the motion to amend, concluding that the town had not demonstrated such an amendment was futile.  See Colby v. Umbrella, Inc., 2008 VT 20, ¶ 4, 184 Vt. 1, 955 A.2d 1082.  Additionally, the court held that the Town failed to demonstrate the adequacy of notice was unreviewable as a matter of law.  The court based its decision on both the liberal standard it must apply when considering a motion to amend and the conclusion that further factual development could be necessary to address taxpayer's claims.  See id. (discussing Rule 15(a) and Vermont's "tradition of liberally allowing amendments to pleadings"); Alger v. Dep't of Lab. & Indus., 2006 VT 115, ¶ 12, 181 Vt. 309, 917 A.2d 508 (explaining motions to dismiss are "not favored and rarely granted," especially in cases that "should be explored in the light of facts as developed by the evidence").

¶ 7.     Taxpayer's amended complaint alleged that the Town violated taxpayer's procedural-due-process rights by failing to send the decision to both taxpayer and taxpayer's counsel.  Taxpayer and the Town then filed cross-motions for summary judgment with both parties agreeing that there were no material facts in dispute.  Taxpayer argued that it was entitled to summary judgment based on application of our holding in Perry v. Department of Employment & Training, 147 Vt. 621, 624, 523 A.2d 1242, 1244 (1987).  There, we held that in the

3

unemployment-benefits context, to meet due-process requirements, notice of a referee's decision must be sent both to the claimant and to the claimant's attorney of record when a claimant is represented by counsel. Id. Taxpayer also argued that notice should have been sent to taxpayer's counsel based on the pattern of communication between the Town, taxpayer, and taxpayer's counsel. In its motion for summary judgment, the Town argued that: (1) it provided sufficient notice under existing federal and state due-process jurisprudence; (2) "actual" notice "more than satisfied" constitutional due process; and (3) Perry was not controlling.

¶ 8. The trial court applied Perry and concluded that, "under the circumstances, it was clear that [taxpayer] was represented by counsel in all prior proceedings related to the matter in controversy, with the result that notice only to the party personally and not to counsel resulted in fundamental unfairness." The court granted summary judgment to taxpayer and ordered the BCA to hear taxpayer's untimely appeal. The Town filed this appeal.

III. Discussion

¶ 9. On appeal, the Town argues that (1) due process does not require listers to provide notice of a grievance determination to both a taxpayer and the taxpayer's counsel; (2) the trial court erred by applying notice requirements announced in Perry; and (3) the trial court erred in issuing a mandamus order because taxpayer failed to establish necessary elements.

¶ 10. This Court "review[s] summary-judgment decisions de novo, using the same standard as the trial court." Rawley v. Heymann, 2023 VT 64, ¶ 7, 218 Vt. 509, 311 A.3d 148 (alteration omitted). Summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). "We review the record as a whole, accepting as true allegations made in opposing summary judgment as long as they are supported by evidentiary materials." Rawley, 2023 VT 64, ¶ 7. " 'When both parties move for summary judgment, each is entitled to the benefit of all reasonable doubts and inferences when the opposing party's motion is being judged.' " In re

4

Beliveau NOV, 2013 VT 41, ¶ 7, 194 Vt. 1, 72 A.3d 918 (quoting City of Burlington v. Fairpoint Commc'ns, Inc., 2009 VT 59, ¶ 5, 186 Vt. 332, 980 A.2d 226).

### A. Procedural Due Process

¶ 11.    First, the Town contends that it provided notice adequate to satisfy procedural due process by sending the listers' determination to the taxpayer by certified mail with receipt confirmed.

¶ 12.    The Fourteenth Amendment to the U.S. Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Article 4 of the Vermont Constitution states: "Every person within this state ought to find a certain remedy, by having recourse to the laws, for all injuries or wrongs which one may receive in person, property or character." Vt. Const. ch. I, art. 4. "In general, our cases have treated claims under Article 4 similarly to those made under the U.S. Constitution, and we have employed the federal standards to evaluate Article 4 claims." In re M.R., 2025 VT 6, ¶ 14, __ Vt. __, 331 A.3d 1120 (quotation omitted).

¶ 13.    A procedural-due-process inquiry has two components. First, we determine whether the State has interfered with a protected liberty or property interest, and second, we " 'examine[] whether the procedures attendant upon that deprivation were constitutionally sufficient.' " Conway v. Gorczyk, 171 Vt. 374, 376, 765 A.2d 463 (2000) (quoting Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989)). Both parties agree that taxpayer has a protected property interest in the assessed value of its facility. Accordingly, the only question for this Court is whether the Town's notice of the listers' determination of taxpayer's grievance appeal was constitutionally sufficient.

¶ 14.    "The principle that a state must provide 'notice and opportunity for [a] hearing appropriate to the nature of the case' before depriving a person of life, liberty, or property forms the bedrock of procedural due process." Hogaboom v. Jenkins, 2014 VT 11, ¶ 14, 196 Vt. 18, 93

5

A.3d 131 (alteration in original) (quoting Jones v. Flowers, 547 U.S. 220, 223 (2006)). "Due process does not require actual notice; however, 'process which is a mere gesture is not due process.' " Id. ¶ 15 (quoting Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 315 (1950)); see also Jones, 547 U.S. at 226. "The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." Mullane, 339 U.S. at 315. The Second Circuit has "observed that the Fourteenth Amendment 'requires as much notice as is practicable to inform a [property owner] of legal proceedings against his property.' " Oneida Indian Nation of N.Y. v. Madison Cnty., 665 F.3d 408, 429 (2d Cir. 2011) (alteration in original) (quoting Brody v. Vill. of Port Chester, 434 F.3d 121, 130 (2d Cir. 2005). "For notice to be adequate, it is enough that the parties be sufficiently apprised of the nature of the proceedings so that there is no unfair surprise." In re Vt. Health Serv. Corp., 155 Vt. 457, 460, 586 A.2d 1145, 1147 (1990) (quotation omitted).

¶ 15. The Town argues that taxpayer's due-process right was not violated because taxpayer received actual notice of the listers' determination by means of certified mail with return receipt. While the Town bases its position, in part, on instruction from the U.S. Supreme Court that "notice by mail" is satisfactory, that is not in dispute. See Jones, 547 U.S. at 226; Hogaboom, 2014 VT 11, ¶¶ 16-17. Rather, the dispute here revolves around to whom that notice must be mailed.

¶ 16. Section 4222 of Title 32 instructs that listers "shall meet" and "hear those appearing in person or by agents or attorneys until all . . . objections have been heard and considered." The statute goes on to state that "proper notification of the listers determination shall be sent to the taxpayer." Id. (emphasis added). Section 4404(a) of Title 32 requires persons "aggrieved by the final decision of the listers under the provisions of section 4221" to appeal such a decision to the BCA "[w]ithin 14 days after the date of notice" of the listers decision "by lodging his or her appeal with the town clerk." If a timely appeal is filed, the town clerk is required to call a meeting of the

6

BCA, id. § 4404(b), and the BCA is required to hear the appeal and render a decision in accordance with the requirements of § 4404(c). A party aggrieved by the decision of the BCA may then, in turn, bring an appeal to the superior court. Id. § 4461(a). The plain language of the statute requires listers to consider appeals presented by the taxpayers "appearing in person or by agents or attorneys." Id. § 4222. Notice of the listers' determinations, however, is required to be sent directly "to the taxpayer." Id.

¶ 17. Here, taxpayer grieved the listers' assessment of its property. The listers denied taxpayer's grievance appeal via a July 11, 2023 decision and mailed notice on that date. That decision, as required by § 4222, was sent to the taxpayer via certified mail with return receipt requested. Taxpayer actually received the determination on July 13, twelve days shy of the deadline to appeal to the BCA. Taxpayer failed to appeal the decision to the town clerk within fourteen days as required by § 4404(a).

¶ 18. Under the due-process test set forth in Mullane, Flowers, and Hogaboom, the Town provided adequate notice. The Town mailed the listers' decision directly to the taxpayer at the taxpayer's address of record via certified mail return receipt requested and "heard nothing back indicating that anything had gone awry." Flowers, 547 U.S. at 226. The U.S. Supreme Court has held that in such circumstances, "[t]he reasonableness and hence the constitutional validity of [the] chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected." Mullane, 339 U.S. at 315.

¶ 19. The focus of the due-process inquiry is the situation as it appeared to the Town, not to the taxpayer. Hogaboom, 2014 VT 11, ¶ 18 ("Whether taxpayer actually saw or disregarded the notices is not the issue; the relevant inquiry is whether, from the perspective of the Town, return of the unclaimed registered mail triggered a requirement that the Town take additional steps to notify taxpayer before the tax sale."). From the Town's perspective, the Town sent notice via certified mail "to the taxpayer" as directed by the plain language of 32 V.S.A. § 4222. Following

7

this mailing, the Town received no indication that the notice had failed. To the contrary, the Town received confirmation that the taxpayer had received notice of the listers' decision. Thus, the Town's notice was sufficient to satisfy due process.

¶ 20. Taxpayer argues that the administrative framework governing appeals from tax-grievance decisions "expects a degree of flexibility in the appeal period . . . to ensure procedural fairness." Taxpayer cites to an administrative rule in support of its argument. See Clarification of Property Tax Laws § (32)4404(a)-1, Code of Vt. Rules 10 061 001, http://www.lexisnexis.com/hottopics/codeofvtrules. That rule provides that "[t]he board of civil authority shall hear an appeal filed within a reasonable time if action of the listers has prevented the taxpayer from filing a timely appeal." Id. Taxpayer's argument is unpersuasive. Section (32)4404(a)-1 applies only where the listers have failed to determine an appeal. Here, the listers did make a determination concerning taxpayer's grievance. Notice of that decision was sent to taxpayer's address of record via certified mail, return receipt requested. Thus, no "action of the listers . . . prevented the taxpayer from filing a timely appeal," and § (32)4404(a)-1 does not apply. Id. Through its own conduct and delay taxpayer lost the right to appeal the listers' decision to the BCA.

¶ 21. There is no dispute that taxpayer received actual notice of the listers' decision and had twelve days in which to file its appeal. This notice satisfied taxpayer's due-process rights.

B. Application of Perry v. Department of Employment & Training

¶ 22. A central issue in this case is whether our holding in Perry v. Department of Employment & Training, 147 Vt. 621, 624, 523 A.2d 1242, 1244 (1987), applies outside of the narrow context of unemployment-benefit proceedings. We determine that Perry is limited to its facts and does not announce a general principle of due-process requirements.

¶ 23. In Perry, a claimant-employee appealed a decision by the Vermont Employment Security Board dismissing the claimant's appeal for failure to file a timely notice of appeal from a

8

decision of a referee. Id. at 622, 523 A.2d at 1242. In the hearing before the referee, "claimant was represented by counsel," with counsel participating in the hearing and "whose appearance was noted on the record." Id. at 622, 523 A.2d at 1243. However, notice of the referee's decision upholding a determination by a claims examiner was sent only to the claimant and "[n]o notice was sent to claimant's attorney." Id.

¶ 24. There, we determined that "before the statutory appeal period can begin to run, notice of the [Employment Security Board] referee's decision must be given to both the claimant and counsel of record who represented claimant at the proceeding from which the appeal was taken." Id. at 622-23, 523 A.2d at 1243. We based our reasoning on the Colorado Supreme Court's holding in Mountain States Telephone & Telegraph Co. v. Department of Labor & Employment, 520 P.2d 586 (Colo. 1974). That court determined that when a litigant employs an attorney to represent their interests before an adjudicatory body " 'all notices required to be given in relation to the matters in controversy, including notice of the decision and entry thereof, should be given to the attorney of record' " to prevent " 'fundamental unfairness.' " Perry, 147 Vt. at 624, 523 A.2d at 1244 (quoting Mountain States Tel. & Tel. Co., 520 P.2d at 589).

¶ 25. The Town argues that Perry's due-process directive is limited to the context of unemployment-benefits claims. Taxpayer counters that Perry was decided "under broad, generally applicable constitutional principles," and, therefore, applies equally to a property-tax-grievance adjudication.

¶ 26. We agree with the Town. Perry's analysis and holding are expressly limited to unemployment-benefits claims. See Lowell v. Dep't for Child. & Fams., 2024 VT 46, ¶ 27, __ Vt. __, 325 A.3d 42 (recognizing that procedural due process "is not a technical conception with a fixed content unrelated to time, place, and circumstances," but "a flexible concept that calls for such procedural protections as the particular situation demands" (quotations omitted)). In Perry, we first distinguished an earlier unemployment-benefits case, Cleveland v. Department of

9

Employment Security, 138 Vt. 208, 414 A.2d 1157 (1980), stating that in that case, "the applicable statutes and rules did not mandate that a separate notice of a claims examiner's decision be sent to a party's attorney as well as to a party in order for the appeal period to commence running." Perry, 147 Vt. at 623, 523 A.2d at 1243. The Perry Court also distinguished Cleveland because the constitutional due-process argument was never raised. Id. Thus, for the first time, the Court intended to determine "whether procedural due process requirements mandate notice to counsel in this type of case." Id. (emphasis added).

¶ 27. Unemployment-benefit claims are not the same as tax-grievance appeals. In Goldberg v. Kelly, the U.S. Supreme Court explained that fashioning the appropriate due-process protections in any particular situation "must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action." 397 U.S. 254, 263 (1970) (quotation omitted). Denials of public benefits, the Court explained, are determinations of a unique character and therefore entitled to increased constitutional protections. Id. at 263-64. The interests at stake in unemployment-benefits claims differ significantly from the interests at stake in property-tax claims. Compare Goldberg, 397 U.S. at 263-64 (explaining benefits claimant was entitled to pretermination hearing because of claimant's dire circumstances and "essential" nature of welfare benefits), and Wheeler v. State, 335 F. Supp. 856, 861-62 (D. Vt. 1971) (holding termination of Vermont unemployment benefits requires pre-termination hearing because "claimant's need is [not] qualitatively different from that of a welfare recipient"), with Hogaboom, 2014 VT 11, ¶ 26 (explaining impact to taxpayer's property rights in context of tax sale "may in some cases be modest" and "the corresponding requirements of due process are likewise limited"). The Perry Court emphasized that "[u]nemployment benefits are of the same nature . . . as welfare or other public assistance benefits" for purposes of its analysis. Perry, 147 Vt. at 623, 523 A.2d at 1243.

10

¶ 28. Next, Perry is distinguishable based on the different governing statute in that case compared to the statutes involved in the instant matter. Perry involved a challenge to a denial of unemployment-compensation benefits, subject to the administrative procedures set forth in Title 21. Id. at 621, 523 A.2d at 1243 (citing 21 V.S.A. § 1348). The statute at issue in Perry provided that notice "shall be given to the claimant, the claimant's last employer, all other interested parties, and the [Labor] commissioner." 21 V.S.A. § 1348(a)(1).[2] In contrast, the appeal at issue in this case involves a property-tax assessment, subject to the statutory provisions of Title 32. The relevant statute in this case, 32 V.S.A. § 4222, provides that notice of the listers' determinations is required to be sent directly "to the taxpayer."

¶ 29. Finally, in closing, the Perry Court stated its holding in limited and specific terms:

> We hold, therefore, that where a party making a claim for benefit is represented by an attorney of record in an administrative proceeding before the Department of Employment and Training, notice of decisions affecting the substantial rights of the party must be given to both the party and his attorney. The claimant in the present proceeding was denied due process by the [Employment Security] Board's denial of his right to appeal.

Perry, 147 Vt. at 624, 523 A.2d at 1242. This specificity displays a clear intent to limit application of the holding in Perry to claims of unemployment benefits brought before the Department of Employment and Training. The present matter does not involve either. For these reasons, our holding in Perry is limited to its facts and does not control the outcome of the present case.

IV. Conclusion

¶ 30. Here, in the context of a tax grievance before the Town of Salisbury listers, taxpayer's actual receipt of notice of the listers' decision satisfied procedural due process. Due process, under both the Vermont and United States Constitutions, does not require notice to counsel. Perry does not control in this instance because it is limited to its specific facts and the

---

[2] We cite the current statute because the then-applicable statute has not been edited in a material way. See 21 V.S.A. § 1348(a) (1965).

context of unemployment-benefit claims.  Finally, because we determine that the Town satisfied its duty to apprise taxpayer of the listers' decision and inform taxpayer of its right to appeal, the trial court erred in directing the BCA to hear taxpayer's untimely appeal under Rule 75.

Reversed with instruction to enter summary judgment for the Town of Salisbury.

FOR THE COURT:

_____
Chief Justice